GEORGE ALLEN v. AVONDALE COMPANY, *et al.*

185 So. 137.
Opinion Filed November 15, 1938.
Rehearing Denied December 28, 1938.

*Baker & Baker,* and *Martin Sack,* for Appellant;
*Raymond D. Knight, John M. McNatt* and *Knight, Adair, Cooper & Osborne,* for Appellees.

PER CURIAM.—In 1921, a tract of land in the City of Jacksonville was subdivided into more than 1000 lots, was platted and designated as Avondale, and put on the market as a restricted residential subdivision. The restrictive covenant involved in this litigation was written in all deeds as sales were made and is as follows:

"2. That said land shall be used only for residential purposes, and not more than one residence and the outbuildings thereof, such as garage, stable, servants' house and like outbuildings, shall be allowed to occupy 'said land or any part thereof, at any one time, nor shall any building at any time situate on said land be used as a flat, apartment house, tenement house, hospital, sanitarium, charitable institution, or for business or manufacturing purposes, and no building or part thereof, whether such part be porch, veranda or otherwise, shall be erected or placed on any part of said land which lies between any building line marked on said recorded plat and any street whereon said land abuts."

In October, 1935, George Allen, the Appellant, acquired title to lot 132, subject to the restrictions quoted. In February, 1938, he brought this suit to cancel and remove said restrictions on the ground that the neighborhood where lot 132 is located has completely changed, that the dominant owner, Avondale Company, has acquiesced in such changes, that further enforcement of said covenants results in injury to plaintiff and bestows no appreciable benefit on defendants, consequently there is no theory under which they should be longer enforced. A motion to dismiss the bill of complaint was granted and complainant appealed.

The record discloses that in September, 1930, the City of Jacksonville zoned certain lands including the block in which Appellant's lot is located as a "Business A District," that all the block across the street from Appellant's lot is in an unrestricted subdivision known as St. Johns Heights, that all

of the lots in St. Johns Heights, West, and South of Apellant's lot are now being used as business property, that the lot adjoining Appellant on the East was built as a residence but for years has been used as a florist shop without objection on the part of anyone and that the lots north of Apellant's lot are vacant and not now being used for any purpose. It is further shown that the restrictive covenants expire by limitation January 1, 1940, and that most of the changes in the neighborhood complained of occurred prior to the time appellant acquired title to his lot.

This Court has repeatedly held that change in the circumstances and the neighborhood materially affecting the lands will warrant the granting of relief from restrictive covenants such as are here brought in question. Osius v. Barton, 109 Fla. 556, 147 So. 862; Edgewater Beach Hotel Corp. v. Bishop, 120 Fla. 623, 163 So. 214.

The Chancellor evidently took the position that notwithstanding the expiration of the effective period of the covenants January 1, 1940, Appellant was not entitled to the relief sought because the changes relied on had taken place before he acquired his title and all of them except the use of the residence on the adjoining lot as a florist shop, were in another subdivision though said subdivision was just across the street on the south and west of Appellant's lot.

As against the holding of the Chancellor, we cannot say that error was committed. The changes shown to have taken place would ordinarily be sufficient to grant relief from enforcing the covenants but it is shown that all these changes took place before Appellant purchased his lot; he was therefore on notice of them and all but one were in another subdivision. At the present time, they only have about fourteen months to run.

We are of the view that the facts involved are such that the instant suit is one that can be appropriately sustained as

a class suit under Section Fourteen of the 1931 Chancery Act. The question raised is one common to many owners of a similar class who are so numerous that it would be futile to attempt to bring them all before the Court.

The judgment below is therefore affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs specially.

THOMAS, J., not participating.

BROWN, J. (concurring specially).—It is rather remarkable that in a residential subdivision containing more than 1000 lots and more than 18 years old, the only allegation of a violation of the restrictive covenants concerns only one lot, and that allegation is that on the lot adjoining plaintiff's lot there is a building, originally designed and used as a dwelling, which for several years has been occupied and used as a florist's shop without objection by the defendant. This very limited and unsubstantial violation of the restrictive covenants would not authorize their cancellation. Stephl v. Moore, 94 Fla. 313; 114 So. 455.

As to the changes wholly outside of the restricted area, these will not authorize a court of equity to cancel or refuse to enforce the covenants, unless the influence of the changes upon the restricted area are such as to clearly neutralize the benefits of the restrictions to the point of defeating the objects and purposes of the covenants. I think this proposition is supported by the modified rule laid down in Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551, 103 A. L. R. 725. See also Sandusky v. Alsop, 131 Abl. (N. J.) 633; Continental Oil Co. v. Fennemore, 38 Ariz. 277, 299 Pac. 132; Rombauer v. Compton Heights Christian

Church, 328 Mo..1, 40 S. W. (2nd) 545.   See also notes in 54 A. L. R.   830-32 and 85 A. L. R. 993-94.

The fact that the plaintiff's lot has been zoned by the City for business purposes does not abrogate the restriction nor impair the lawful contract rights created thereby.   Ludgate v. Sumerville, 121 Oregon 643, 256 Pac. 1043, 54 A. L. R. 837; Bachman v. Calpaert Realty Corp. (Ind.) 194 N. E. 783, 789.

I think therefore that the order of the court below dismissing the bill was clearly correct and should be affirmed.

BUFORD, J., concurs.