96 So.2d 554 (1957)
John N. TOLAR et al., Appellants,
v.
Robert MEYER et al., Appellees.
No. 57-2.
District Court of Appeal of Florida. Third District.
July 29, 1957.
Rehearing Denied August 14, 1957.
*555 Lilburn R. Railey, Miami, for appellants.
Thomas H. Wakefield, and Edwin H. Underwood, Jr., Miami, for appellees.
HORTON, Acting Chief Judge.
In applying the applicable principles of law to the facts in this case the Court is of the opinion and so holds that the lower court should be affirmed. The lower court is affirmed upon the following grounds:
a. There were restrictive covenants of record at the time appellants purchased or agreed to purchase the property in question.
b. The zoning regulations of Dade County, Florida, did not abrogate the restrictions nor impair the lawful contract rights created thereby.
The facts in this case disclose that the appellees filed a Bill of Complaint in the Circuit Court of Dade County, Florida, against the appellants alleging in substance that the appellees were owners of lots in Helms Country Estates, a subdivision in Dade County, Florida, upon which there had been placed of record certain restrictive covenants in November, 1950. The property appears to have been platted or subdivided and the plat of the subdivision accepted by the County Commission of Dade County, Florida, in June, 1950. The plat recited, substantially, that the zoning regulations of Dade County then in effect, or as they may be changed from time to time, should be observed. The appellees sought to enjoin the appellants, whom, it is alleged, intended to use certain properties purchased or about to be purchased from the appellant Ayers as a site upon which to erect and maintain a church, and that the property purchased or about to be purchased from the appellant Ayers by the appellants Trustees of the Presbytery of Southeast Florida of the Presbyterian Church, U.S.A., Inc., was covered by, and subject to, the restrictive covenants placed thereon in November, 1950.
The appellants by answer denied the material allegations of the Bill of Complaint and specifically denied that the lots which they owned and intended to use were subject to any restriction and particularly those restrictions referred to in the appellees' Bill of Complaint. The answer further set out that the County Commissioners of Dade County, Florida, had zoned the property in question so that the appellees could use the same for the purposes they intended. Also, that the original owner and subdivider of the property had consented, in writing, for the use of the property for the purposes intended by the appellants. The cause was submitted to the Chancellor of the lower court upon a Stipulation of Fact, and a decree granting the injunction as prayed by the appellees was entered by the lower court. It is from the decree of the lower court that this appeal is taken.
*556 The deed of conveyance to the appellant Ayers, as Trustee, recited, in substance, that the conveyance was made subject to "conditions, restrictions and limitations as to use, occupancy and sale of said property as appear of record * * * zoning ordinances and regulations."
It becomes apparent from the facts that the appellant Ayers, as Trustee, at the time he received his title had constructive notice if not implied actual notice of the restrictive covenants; constructive notice by reason of the recordation of the agreement of November 13, 1950, and implied actual notice because of the statement contained in their deeds of conveyance. Allen v. Avondale Co., 135 Fla. 6, 185 So. 137; Vetzel v. Brown, Fla. 1956, 86 So.2d 138.
The appellants have urged that inasmuch as the plat that was proposed by the original owner and subdivider, Helms Construction Company, and accepted by resolution of the County Commission of Dade County, Florida, was placed of record prior to the recordation of the agreement of November 13, 1950, creating the restrictive covenants, that the restrictive covenants were abrogated or could be abrogated by subsequent action of the County Commissioners of Dade County, Florida. In this respect the Court has not overlooked the appellants' further contention that the original owner and subdivider, Helms Construction Company, had executed a written statement consenting to the change of zoning to permit the appellants' use of the property for their intended purposes, and the fact that the said owner-subdivider had likewise relinquished its right of reversion. The Court has carefully considered these contentions but in the light of the prevailing principles of law, which it feels apply to this case, such contentions can not be upheld. The Supreme Court of Florida, in the case of Allen v. Avondale Co., supra [135 Fla. 6, 185 So. 138], said, with respect to the effect of zoning ordinances upon restrictive covenants, "The fact that the plaintiff's lot has been zoned by the City for business purposes does not abrogate the restriction nor impair the lawful contract rights created thereby. Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A.L.R. 837; Bachman v. Colpaert Realty Corp., 101 Ind. App. 306, 194 N.E. 783, 789." Whatever the effect of the written acquiescence made by the owner-subdivider to the County Commission of Dade County, Florida, may have been it is the opinion of this Court that such acquiescence could not and would not bind or waive the rights of the other parties to the agreement creating the restrictive covenants.
Appellants have strongly urged in their brief and before the Court that no privity of contract existed between the present owners of properties in the subdivision in question and the makers of the original agreement imposing the restrictive covenants. This contention appears to have been answered adverse to the appellants by the holding of the Supreme Court of Florida in the case of Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394, and recently affirmed in Vetzel v. Brown, supra.
No error having been made to appear, the decree appealed from should be and it is hereby affirmed.
PEARSON, J., and ANDERSON, Associate Judge, concur.