ALLEN, Acting Chief Judge.
Plaintiffs below, Anton Baker and Esther Baker, his wife, appeal a final decree denying the relief sought and dismissing their complaint in an action to remove certain restrictions upon realty.
The able judge who tried the case, in his final decree, set up the facts and law involved herein, from which we quote.
“This is a suit, by the Plaintiffs, owners of lots 1 through 4, Block 9, Lantana Heights, seeking a decree removing certain restrictions upon said lots, and requesting that the subject lots be left subject to restrictions and limitations only as would affect Tract B of the Plat of this Subdivision; and further asking the Court to leave said lots subject only to the zoning ordinances of the Town of Lantana. The Complaint was filed on October 18, 1962 and named three parties as Defendants. Decrees Pro Confesso were secured against two of the Defendants. The third Defendant, a missionary in Guam, addressed a letter to the Court objecting to the removal of restrictions, which letter the Court ordered filed herein. On November 8, 1962, the Court permitted one N. R. FIELD, as Trustee, to intervene in this cause.. The said N. R. FIELD is a property owner in the subdivision. Plaintiffs; objected to the order granting leave to* intervene, and bearing was scheduled! on said objection. At the hearing, counsel for plaintiffs stated to the Court that he would prefer to have the objections to the intervention denied, and to have the case proceed promptly to final hearing. In accordance therewith, objections to the intervention were denied, and the case was set for final hearing. The Intervenor, now Defendant, N. R. FIELD, as Trustee, filed his answer on February 5, 1963.
“Plaintiffs complained that they have been unable to sell or transfer their property, due to the fact that the restrictions are outmoded and out-dated because of the development of the area. They complained that a large shopping' center has been developed across the road from their property, and make-other complaints as to the development since their purchase. The restrictions complained of were placed on record on May 16, 1957. Plaintiffs purchased Lots 1 through 4, and received the *44 Warranty Deed therefor, on February 9, 1960. The testimony in this cause shows that Plaintiffs’ Lot 1, when purchased, was hounded on the West, by a large tract of land, designated Tract B, which was reserved for commercial use. Evidence adduced at the final hearing also shows that the shopping center mentioned was completed in 1960, the same year that Plaintiffs purchased their property. Obviously, when Plaintiffs’ purchase was made, the shopping center was either completed or under construction. ■ A Complaint that the State Tuberculosis Hospital lies directly across from the property has no bearing on this development, since this condition existed when they made the purchase.
“Equity is permitted to relieve .against restrictions where there has • been a radical change in the character . of a neighborhood, or an entire change in the circumstances. Generally, in such controversies, the facts of each case must be considered and the case .must stand.or fall on these facts.
“In the present case before the Court, it does not appear that in the approximately two years and seven months, since the purchase by Plaintiffs, the neighborhood has changed so radically in' character, in a manner 'which 'could' not be anticipated by ■'Plaintiffs, so as to require action by the Court. The Court finds that the only change, which has taken place, of which the Plaintiffs might not have been aware at.the time of their purchase, is the construction of a Baptist Church, in another block of the sub- ’ division. The Court finds that this, in itself, is not enough to sustain the Plaintiffs’ Complaint, and under all of the circumstances, the same should be dismissed. (Wahrendorff vs. Moore, Fla., 93 So.2d 270) It is thereupon,
' "ORDERED, ADJUDGED and DECREED that the relief prayed for in Plaintiffs’ Complaint be and the same is hereby denied, and said Complaint is hereby dismissed.”
The lower court judge based his decision primarily on the fact that the appellants had purchased the property while the principal changes complained of were already in being, with the exception of only a Baptist church building which had not been built. The judge’s opinion, in fact, held that the appellants could not complain about restrictions being outmoded since they, in effect, had notice at the time they purchased the property.
In the case of Allen v. Avondale Co., 1938, 135 Fla. 6, 185 So. 137,, at page 138, in which the factual situation is similar in many respects to the instant case, the Court, in its opinion said:.
“This Court has repeatedly held that change in the circumstances and' the neighborhood materially affecting the lands will warrant the granting of relief from restrictive covenants such as are. here brought in question. Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394; Edgewater Beach Hotel v. Bishop, 120 Fla. 623, 163 So. 214.
“The Chancellor evidently took the position that notwithstanding the expiration of the effective period of the covenants January 1, 1940, Appellant was not entitled to the relief sought because the changes relied on had taken place before he acquired his title and all of them except the use of the residence on the adjoining lot as a florist shop, were in another subdivision though said subdivision was just across the street on the south and west of Appellant’s lot.
“As against the holding of the Chancellor, we cannot say that error was committed. The changes shown to have taken place would ordinarily be sufficient to grant relief from enforcing the covenants but it is shown that all these changes took place before Ap *45 pellant purchased his lot; he was therefore on notice of them and all but one were in another subdivision. At the present time, they only have about fourteen months to run.”
The appellants question the court’s having granted N. R. Field, as Trustee, permission to intervene. We believe, under the circumstances in this case that the court committed no error in this regard.
We find no error in the record.
Affirmed.
WHITE, J., and HODGES, JOHN G., Associate Judge, concur.