315 So.2d 101 (1975)
FIELD PROPERTIES, INC., Appellant,
v.
Albert R. FRITZ, Jr., et al., Appellees.
No. 74-1000.
District Court of Appeal of Florida, Second District.
June 25, 1975.
Rehearing Denied July 29, 1975.
*102 Johnson S. Savary, Kirk, Pinkerton, Sparrow, McClelland & Savary, Sarasota, for appellant.
Frank V. Arpaia, Bradenton, for appellees.
GRIMES, Judge.
This is an appeal from a final judgment enjoining Field Properties, Inc. from constructing an apartment building on certain property located on Longboat Key.
At one time, Longboat Gulf Lodge, Inc. (Longboat) was the owner of all of the east half of "Lot 45." The tract was bordered on the west by John Ringling Parkway and on the east by Sarasota Bay and comprised nine lots consecutively numbered from north to south. In 1957 Longboat executed a deed of Lot 7 to Rogers (the Rogers deed) containing the following restriction:
"Only one residence and guest house shall be allowed on the property conveyed in the attached deed."
The deed did not reserve in the grantor the right to release the restriction. In 1973, Field Properties, Inc. acquired Lot 7 by a deed which did not include or refer to this restriction and began preparations for the construction of a five-unit apartment building. Thereupon, the owners of Lots 4 (Freudenheim), 5 (Haraburda) and 6 (Fritz) filed suit to enjoin the construction as being in violation of the restrictive covenant contained in the Rogers deed. Following a nonjury trial, the court entered judgment for the plaintiffs.
The question presented is whether the aforementioned restriction is a covenant running with the land enforceable by the plaintiffs. The answer to this question depends upon the intent of the parties to the Rogers deed. R. Powell, The Law of Real Property, § 673 (1974). Since the language of the restriction does not speak for itself on the issue, it was appropriate to receive evidence of the surrounding circumstances to assist in determining this intent. Sinclair Refining Co. v. Watson, Fla. 1953, 65 So.2d 732; Moore v. Stevens, Fla. 1925, 106 So. 901.
The evidence reflects that three months before the deed to Rogers, Longboat executed a deed of Lot 2 to Kelly containing the following restriction:
"The real estate herein first above described shall be restricted to use for residential purposes only and the same restriction shall apply and be imposed upon all other real estate situate on the easterly side of John Ringling Parkway in Lot 45, hereinabove described, now owned or heretofore conveyed by the grantor herein."
Likewise, one of the plaintiffs, Mr. Freudenheim, testified that at the time he bought from Longboat its president indicated that all of the properties in the east half of Lot 45 would be similarly restricted. However, in fact, Longboat put this type of covenant in less than half of its deeds to the lots in the east half of Lot 45. A small motel has been in existence on Lot 1 for some time. The remaining lots either contain residences or are vacant.
The nature of the restriction in the Rogers deed suggests that it was intended to be more than a personal covenant enforceable only between the parties to the deed. Maule Industries v. Sheffield Steel Products, Fla.App. 3rd, 1958, 105 So.2d 798; *103 cf. Burdine v. Sewell, Fla. 1926, 109 So. 648. The fact that Field Properties, Inc. is a remote grantee whose deed does not contain the restriction is irrelevant. Because the Rogers deed was recorded, Field Properties, Inc. had, at the very least, constructive notice of the restriction. Mercer v. Keynton, Fla. 1930, 127 So. 859; Hagan v. Sabal Palms, Inc., Fla.App. 2d, 1966, 186 So.2d 302.
A customary method of establishing the enforceability of a restrictive covenant is to prove that the grantor of lots in a subdivision established a common scheme or plan whereby each of the lots would be restricted for the benefit of the other lot owners. See 51 A.L.R.3d 556. A uniform plan of development is not the sine qua non for sustaining the validity of building restrictions, but the presence or absence of such a plan may be the main factor determining the propriety of judicial enforcement in the absence of other pertinent proof. Osius v. Barton, Fla. 1933, 147 So. 862. The failure of the grantor to put the restriction in many of his deeds tends against the establishment of a general building plan but does not preclude a finding that one was intended. E.g. Taylor v. Melton, Colo. 1954, 274 P.2d 977; Womack v. Dean, Tex.Civ.App. 1954, 266 S.W.2d 540. Powell, supra, at § 679, states:
"In the disposition of the lots of a particular subdivision it is possible to find the existence of a building development scheme, either
"(1) From the fact that the common grantor, in imposing restrictions on the conveyee of a single lot, Blackacre, agreed to impose like restrictions on the other lots in the subdivision; or
"(2) From a representation made by the common grantor that like restrictions would be inserted in conveyances of the other lots in the subdivision; or
"(3) From conduct of the common grantor indicating the establishment of a building development scheme, plus reliance thereon by the purchaser."
Having carefully reviewed the record, we find there is sufficient evidence to support the conclusion that the restriction in the Rogers deed was intended to run with the land for the benefit of the owners of the other lots in the east half of Lot 45. To the extent that a reciprocal relationship between the parties is required, the Freudenheims acquired their deed with a similar restriction at a time contemporaneous with the delivery of the Rogers deed. The Haraburda lot became similarly restricted after Longboat's president acquired the property from his corporation and then included a covenant in his deed to Haraburda. The fact that Field Properties, Inc. more recently obtained control of Longboat and attempted to release the restriction on Lot 7 is to no avail. Tolar v. Meyer, Fla.App. 3rd, 1957, 96 So.2d 554.
With respect to the contention of Field Properties, Inc. that the restrictive covenant should be voided because of changed circumstances, the finding to the contrary by the trial judge who viewed the property must be sustained.
Affirmed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.