330 So.2d 103 (1976)
William A. CRISSMAN et al., Appellants,
v.
Kay F. DEDAKIS, Appellee.
No. Y-86.
District Court of Appeal of Florida, First District.
April 13, 1976.
*104 Ferrin C. Campbell, Crestview, and D. Michael Chesser, Fort Walton Beach, for appellants.
Michael William Mead and James W. Middleton, Fort Walton Beach, for appellee.
BOYER, Chief Judge.
The final judgment here appealed, by which restrictive covenants as to part but not all of appellee's property were removed, concluded two consolidated actions. In the first suit, filed by appellee as a class action, it was alleged that a substantial change had occurred in the neighborhood of appellee's property justifying removal of the restrictive covenants. A default was entered and a declaratory decree followed. The second action was initiated by appellants, a class of property owners in Shalimar Park Subdivision, wherein appellee's property is located, seeking to have set aside the declaratory judgment previously entered. The two cases were consolidated and tried as a single action.
The trial judge found that although there had been no changes in the conditions within the subdivision materially affecting same, radical changes had occurred outside the subdivision in the general area and in close proximity "which were sufficient to neutralize the protection of the restrictive covenants".
No useful purpose will be accomplished by here reciting the extensive and uncontroverted evidence of drastic changes in the zoning and uses of the properties, though outside Shalimar Park Subdivision, adjacent to and virtually surrounding appellee's property. Suffice to say, the evidence is more than ample to support the findings of the learned trial judge. He held, and we agree, that in order to warrant the granting of relief from restrictive covenants it is only necessary that the change in circumstances materially affecting the lands for which relief is sought be in the immediate neighborhood of those lands but not necessarily within the confines of the same subdivision.
In Allen v. Avondale Co., 1938, 135 Fla. 6, 185 So. 137, the Supreme Court of Florida said:
"This Court has repeatedly held that change in the circumstances and the neighborhood materially affecting the lands will warrant the granting of relief *105 from restrictive covenants such as are here brought in question. [citations omitted]" (185 So. 138)
The evidence also revealed that the relief afforded appellee would have no detrimental effect upon the other properties in the subdivision.
Unlike appellants in Allen v. Avondale Co., supra, appellee, in the case sub judice, was one of the original owners of property within Shalimar Subdivision, and all of the changes in the surrounding and adjoining neighborhood took place subsequent to her acquisition. Further, while in the Allen case the restrictive covenants had only "about 14 months to run" those involved sub judice had no expiration date.
In Barton v. Moline Properties, Inc., 1935, 121 Fla. 683, 164 So. 551, 103 A.L.R. 725, the Supreme Court of Florida stated the applicable law as follows:
"Such restrictions were therefore subject to the general rule applicable to restrictive covenants of this kind that, where the time during which a restrictive covenant is to endure has not been expressly limited by the parties, it should be implied that some reasonable limitation adapted to the nature of the case was intended, and that such restrictions as the stated covenants imposed on the use of any particular grantee's property, being in derogation of the otherwise free use and enjoyment of same, should be construed as extending for no longer period of time than the nature of circumstances and purpose of their imposition would indicate as reasonable for the duration of their enforcement without undue and inequitable prejudice to the property rights purchased and acquired by the original grantee and his successors in title, subject to such restrictive covenants. [citations omitted]
* * * * * *
"In cases like this, each particular controversy over the term of duration of restrictive covenants on property uses must be decided on the equities of each particular situation as it is presented. The test for determining such equities is ordinarily whether or not the original purpose and intention of the parties to such restrictive covenants can be reasonably carried out, in the light of alleged materially changed conditions which are claimed to have effectually frustrated their object without fault or neglect on the part of him who seeks to be relieved by decree in equity from their further observance. [citations omitted] The doctrine to be applied in such cases is that expressed in the maxim `lex non cogit ad impossibilia,' and it is particularly in point in cases wherein no specified reasonable term for the duration of restrictive covenants has been definitely set forth in the covenants themselves. (164 So. 556, emphasis added)
* * * * * *
"... Where, however, it appears that such covenant or restriction is for the exclusive benefit of and that it is still of substantial value to the dominant lot, notwithstanding the changed condition of the neighborhood in which the said lot is situated, a court of equity will restrain its violation... ." (164 So. 557)
The evidence and applicable principles of law support the final judgment here appealed.
AFFIRMED.
McCORD and MILLS, JJ., concur.