WARREN, LAMAR, Associate Judge.
This is an appeal from a final judgment denying relief for removal of deed restrictions based on changes in the neighborhood. We reverse.
Plaintiffs, appellants here, who are owners in fee simple of certain lots, sought the removal of a recorded deed restriction providing .that the lots should be used exclusively as a home or place of residence for one family only. The plaintiffs testified that at the time they purchased the property they did not know about the restriction.
It was contended that owing to the general growth and development of the surrounding area there had been a change in the uses to which the property was being put so that it was no longer suitable for residential purposes as restricted. The trial court in its order finding for the defendant property owners noted that it was of concern to the court that the plaintiffs purchased the property with full knowledge, actual and constructive, of the infirmities which the property suffered and, referring to Baker v. Field, 163 So.2d 42 (Fla.2d DCA 1964), found from the evidence that the plaintiffs knew or should have known of the restricted character of the property when they bought it and that they did not show that the property had radically changed since the time of their purchase. The Baker decision, supra, draws largely from Allen v. Avondale Co., 135 Fla. 6, 185 So. 137 (1938), wherein the changes complained of took place before the appellant purchased his lot, and the court in affirming a dismissal held that appellant was on notice of the changes but observed that the covenants only had about fourteen months to run.
The recent case of Acopian v. Haley, 387 So.2d 999 (Fla. 5th DCA 1980), is of assistance in determining the present appeal. There appellants contended that the trial court erred in considering changes in the character of the neighborhood (an oceanfront subdivision) prior to the time appel-lees acquired their property and that it *343 applied the wrong rule of law in determining that the restrictions were no longer valid, with which the district court agreed, pointing to Allen v. Avondale Co., supra, and Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551 (1935). By a footnote, the court commented that the logic of this (Allen v. Avondale, supra) and similar holdings had been questioned because the focal point in the determination should be whether the intent of the original parties and their purpose in restricting the land had been frustrated by a change in conditions, not who owned the parcel sought to be relieved of the restrictions at the time the action for removal was filed, citing § 11.12, Florida Real Property Practice III, The Florida Bar, C.L.E. (2d Ed. 1976).
The Acopian decision went on to mention that there was no showing or finding by the court that the many changes in the character of the surrounding neighborhood had materially affected the subject subdivision or frustrated the purpose of the restrictions.
The trial court in the present appeal similarly limited its order, as to the changes alleged by plaintiffs, to the statement “[t]hat counsel for the plaintiff went to great length to show how the housing in the area had deteriorated; testimony also indicated that the Congress Avenue area has become more commercial in surrounding areas even as close as being across the highway.”
A complete determination of this litigation indicates that the trial court should have the opportunity of weighing all of the equities contained in the record, including the facts under which the plaintiffs purchased the property, the present nature and character of the lots, and all other factors which might bear upon a resolution of this cause and render its decision thereon.
Accordingly, the judgment of the trial court is reversed and this cause remanded with directions for further proceedings consistent herewith.
ANSTEAD and HURLEY, JJ., concur.