431 So.2d 184 (1983)
Raymond G. DOZIER, Jr., and Wife, Carolyn S. Dozier, Appellants,
v.
Tom WOOD, and Wife, Peggy Wood, Appellees.
No. AM-493.
District Court of Appeal of Florida, First District.
April 12, 1983.
Rehearing Denied June 3, 1983.
James B. Fensom of Barron, Redding, Boggs, Highes, Fite & Bassett, Panama City, for appellants.
*185 William L. Gary and Howard E. Adams of Pennington, Wilkinson, Gary & Dunlap, Tallahassee, for appellees.
Hume F. Coleman of Holland & Knight, Tallahassee, amici curiae.
ERVIN, Judge.
In this appeal from a final judgment enjoining the appellees (Wood) from building, in part, a planned addition to their motel at Mexico Beach, Florida, the appellants (Dozier) contended that the lower court erred in partially invalidating a subdivision deed restriction. We agree and reverse.
In 1948 a subdivision, known as Unit 3 of Mexico Beach, was platted and the following restriction was placed on the use of the property:
RESTRICTIONS: All lots shown on this plat are restricted to residences. No house may be erected on any lot shown hereon at cost of less than Three Thousand dollars ($3,000.00). Only one (1) building may be erected on each lot, except a garage apartment may be placed on the rear of any lot... .
During the ensuing years, various violations of the deed restriction occurred, including the construction of two beach front apartment buildings and a beach front motel, the Driftwood. Those violations, along with the construction of several duplexes, took place during the 1950's. In 1975, Wood purchased the Driftwood Motel which then consisted of eight units. The following year the Doziers purchased two lots in Unit 3, which were not directly on the Gulf. Both parties were aware of the deed restriction at the time they purchased their respective properties. In 1980, the Town of Mexico Beach adopted a revised zoning plan which called for commercial use of the beach front property within the town. That ordinance, however, recognized the existence of prior deed restrictions by expressly stating that if such restrictions imposed higher standards than the zoning ordinance, such restrictions should prevail. In 1981, Wood bought two undeveloped beach front lots directly adjacent to the motel for purposes of expansion. The necessary building permits were obtained and construction was commenced on the additional twelve to fourteen units. Upon learning of those plans, Dozier filed a complaint seeking to enjoin the Woods from constructing the proposed units and to enforce the deed restriction. A temporary injunction was issued on March 25, 1982, and Wood answered, alleging that the restriction was no longer valid because of radical changes which had occurred affecting the general character and use of the property, as well as the general disregard of the restriction and through the expiration of time. Evidence was presented at a bench trial, and the lower court found that, while the property owners had disregarded the deed restriction to the extent that rental apartments and houses existed on some lots, they had not done so to the extent that commercial development had been allowed. In concluding that the Woods were thus entitled to use their lots in a manner harmonious with the surrounding lots, the court entered an injunction prohibiting Wood from building more than six rental units on each lot. Although that result prima facie appears to be equitable, we are compelled to reverse for the following reasons.
We begin by recognizing that "[c]ovenants restricting the free use of real property are not favored, but where the restrictions are clear, reasonable and have a lawful purpose the covenants will be enforced." Orange Gardens Civic Association v. Harris, 382 So.2d 1340, 1342 (Fla. 5th DCA 1980). Such covenants are to be "strictly construed in favor of the property owner." Spey v. Hayes, 406 So.2d 1176, 1178 (Fla. 1st DCA 1981). If, as in this case, the deed restriction is for an indefinite time period, "it should be implied that some reasonable limitation adapted to the nature of the case was intended... ." Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551, 556 (1935). See also, 7 Fla.Jur.2d Building, Zoning and Land Controls § 36 (1978). When it is alleged that a restriction should be invalidated due to expiration of time,

*186 the test for determining the continued validity of restrictive covenants ... is whether or not the original purpose and intention of the parties to such covenant can be reasonably carried out, in the light of alleged material changes which are claimed to have effectually frustrated their object without fault or neglect on the part of the one who seeks to be relieved of their observance.
Acopian v. Haley, 387 So.2d 999, 1001 (Fla. 5th DCA 1980). Under that test, the party seeking relief from the restrictions must show, and the court must find, that material changes have occurred which so frustrate the object of the restriction that the original purpose and intent of the grantor cannot be reasonably carried out. The primary issue, then, is what types of changes have occurred and, therein lies the error of this case.
In an early Florida Supreme Court decision, wherein a property owner sought to invalidate a deed restriction similar to that placed on lots in Unit 3, relief was denied because the plaintiff sought to rely on changes that had occurred before he had purchased his property. Allen v. Avondale Co., 135 Fla. 6, 185 So. 137 (Fla. 1938). In affirming the lower court's denial of relief, the Supreme Court recognized that if such a purchaser is on notice of pre-existing violations of deed restrictions, he cannot rely on prior changes to support his request for relief. Subsequent cases have relied on Avondale to deny relief from restrictive covenants in similar situations. See Baker v. Field, 163 So.2d 42 (Fla. 2d DCA 1964). But see, Crissman v. Dedakis, 330 So.2d 103 (Fla. 1st DCA 1976) (relief granted because changes occurred after landowner's acquisition of property). The principle enunciated in Avondale has, however, been criticized recently by two of our sister courts. In the Acopian decision, as in this case, purchasers of beach front lots sought to invalidate a deed restriction, providing for only one residential dwelling per lot, so that they might build a condominium. The Fifth District recognized that the Avondale principle should have been applied in Acopian but held that only harmless error had occurred since the evidence showed that "many of the changes in the surrounding neighborhood occurred after appellees acquired title." 387 So.2d at 1001 (e.s.). It was noted, however, that the continuing vitality of Avondale was questionable:
The logic of this and similar holdings has been questioned because the focal point in the determination should be whether the intent of the original parties and their purpose in restricting the land have been frustrated by a change in conditions, not who owns the parcel sought to be relieved of the restrictions at the time the action for removal is filed. § 11.12, Florida Real Property Practice III, The Florida Bar, C.L.E. (2d Ed. 1976).
387 So.2d at 1001 n. 1.
That language was cited, with approval, by the Fourth District when faced with the same issue in Carlson v. Kantor, 391 So.2d 342 (Fla. 4th DCA 1980). Carlson, however, differed procedurally, in that the lower court had relied on Baker v. Field and Avondale in denying relief from the deed restriction and in concluding that the plaintiffs had failed to show the property had "radically changed since the time of their purchase." 391 So.2d at 342. In reversing, the Fourth District did not expressly reject Avondale but, instead, concluded that remand was necessary so that the trial court could weigh all of the equities involved, "... including the facts under which the plaintiffs purchased the property, the present nature and character of the lots, and all other factors which might bear upon a resolution of this cause... ." 391 So.2d at 343.
The record in this case does not permit us to adopt either of the solutions advanced by the Fifth and Fourth District Courts of Appeal in avoiding application of the Avondale principle. First, we cannot treat the inclusion of evidence of changes occurring prior to the Woods' purchase of the Driftwood Motel as merely harmless error because it is clear that all of the material changes which occurred, occurred prior to 1975, the year the Woods bought the motel. Second, we decline to remand *187 this case for a weighing of the equities involved, as suggested in Carlson, because the judgment entered below reflects that the court did weigh the equities involved in reaching its decision. We are bound, therefore, by the principle of stare decisis, to follow the principle set out by the Florida Supreme Court in Avondale and to reverse the judgment in this case. See State v. Dwyer, 332 So.2d 333 (Fla. 1976). As we have previously recognized, "... if principles announced by our Supreme Court are to be revisited, reconsidered, or revised, that prerogative rests exclusively with the Supreme Court and not with us." Scott v. Terry, 326 So.2d 73, 74 (Fla. 1st DCA 1976). See also, Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
The final judgment granting an injunction is therefore reversed and this case is remanded for further proceedings not inconsistent with this opinion.
MILLS, J., and AGNER, ROYCE, Associate Judge, concur.