467 So.2d 368 (1985)
Carmine REA and Teresa Rea, His Wife, Appellants,
v.
Ralph R. BRANDT and Marthe E. Brandt, His Wife, Appellees.
No. 84-1537.
District Court of Appeal of Florida, Second District.
March 15, 1985.
Rehearing Denied April 15, 1985.
William Newt Hudson of Yanchuck, Thompson, Young & Berman, P.A., Tarpon Springs, for appellants.
Billy L. Rowe of Green, Piper, Davenport, Rowe & Stanton, and William F. Davenport, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees.
CAMPBELL, Judge.
Appellants, Carmine Rea and Teresa Rea, seek review of the trial court's order enforcing a restrictive covenant and directing them to remove their fence. We affirm.
Appellants and appellees, Ralph Brandt and Marthe Brandt, own adjacent "water lots" in a development known as Harshaw Lake No. 2. Appellants and appellees are remote or subsequent grantees of the common grantor who created the development. The common grantor inserted a restrictive covenant in the original deeds to the lots held by the parties which provides: "[N]o water lot shall have a fence, front, back or side." This restrictive covenant is continued *369 in appellants' and appellees' chain of title.
This case arose when appellants built a fence on their "water lot" and appellees filed suit seeking removal of the fence, based on the restrictive covenant.
At trial, deeds to eleven of the twentythree "water lots" of the Lake Harshaw No. 2 development were admitted into evidence. The deeds of seven of the lots did not contain the restriction. The parties presented no evidence as to the restrictions in the deeds of the remaining "water lots."
The trial court found that appellants were in "violation of a restrictive covenant with respect to the construction and existence of a fence on their property," and ordered the removal of the fence.
On appeal, appellants admit they are subject to the restriction in their chain of title, but they argue that appellees do not have standing to enforce the restrictive covenant absent a finding of a general plan or uniform scheme by the common grantor. In this particular instance, we do not agree.
Basically, the right to enforce a restrictive covenant requires proof that the covenant was made for the benefit of the party seeking to enforce it. Osius v. Barton, 109 Fla. 556, 147 So. 862 (1933). A subsequent grantee who seeks to enforce a restrictive covenant created by a common grantor against another subsequent grantee of a separate parcel of realty must show that the covenant was intended to apply to both parcels. Osius.
Proof of a uniform plan is often used to determine whether the common grantor of multiple parcels of realty intended to restrict the particular parcels held by subsequent grantees involved in enforcement proceedings in the absence of other proof of such intent. See Field Properties, Inc. v. Fritz, 315 So.2d 101 (Fla. 2d DCA 1975), citing Osius. However, where there is an expressed intent to create a mutual or reciprocal benefit to the specific subsequent grantees, (i.e., the restriction is found in both chains of title and contains language of reciprocity or mutuality) there appears to be no need to establish that there was a uniform plan or scheme by the common grantor.
In Osius, the deeds from the common grantor imposed restrictions "as to all parcels" in the development. A subsequent grantee filed suit to enforce the restrictions against another subsequent grantee. Each party had the restrictions in his chain of title. The court found: "Here, the beneficial interest of the complainants is otherwise made to appear ... so the allegations... as to the nonexistence of a uniform plan are immaterial to the validity or enforceability of the covenant here relied upon... ." 147 So. at 866.
In contrast, the deeds in Edgewater Beach Hotel v. Bishop, 120 Fla. 623, 163 So. 214 (1935), contained a restrictive covenant limited on its face to "the grantee herein." The original deeds to both the plaintiff and the defendant's property contained the disputed restrictions. The court stated: "It does not appear that there was any mutuality or reciprocal relationships between the grantor and the various lot purchasers." 163 So. 216. The court also found there was no evidence of a common scheme, and that there was no indication of promises to put like restrictions in other deeds. In Edgewater, where the restrictions were not clearly intended to benefit or affect the other parcels and there was no proof of a common scheme, the restrictive covenants were not enforced.
In the more recent case of Daniel v. May, 143 So.2d 536 (Fla. 2d DCA 1962), both parties deraigned their title from a common grantor. The common grantor imposed on both parcels a restrictive covenant stating that "no building shall be constructed or allowed to remain within fifteen feet of any sideline of said lot." 143 So.2d at 537. Appellants built a carport within six feet of the sideline of their lot. Appellees filed suit seeking enforcement of the restrictive covenant. The court ordered appellants to cure the violation of the restrictive covenant without any discussion or proof of a common scheme by the common *370 grantor. It is apparent, however, that the court relied on the language of the restriction as being intended to apply to both parcels, and the restriction was found in both parties' deeds. See also Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927) and Wahrendorff v. Moore, 93 So.2d 720 (Fla. 1957).
Under these cases, it appears that when the language of the restrictive covenant in the chain of title of each party indicates a clear intent to provide a mutual or reciprocal benefit to the parcels of the subsequent grantees concerned, proof of a uniform plan by the common grantor is not essential to the enforcement of the restrictive covenant. See Osius; Daniel; Cf. Edgewater. See also specially concurring opinion of Judge Rawls in Moore v. Dykes, 225 So.2d 455 (Fla. 1st DCA 1969). We distinguish this situation from those in which other problems are presented, such as where one of the parties does not have the restriction in his chain of title or there is otherwise a question of intent or notice. See, e.g., Field Properties, Inc. and Vetzel v. Brown, 86 So.2d 138 (Fla. 1956).
Here, the restrictive covenant stated that "[N]o water lot shall have a fence." The restriction was by its terms clearly intended to benefit and burden more than a single water lot. The restriction was in the chain of title or deed of each party. Thus, there was a mutual and reciprocal beneficial interest running to the adjacent parcels held by appellants and appellees. Accordingly, there was no need to prove a common plan or uniform scheme by the common grantor. We specifically make no finding as to the presence or absence of a uniform scheme as the evidence was inadequate to resolve that point.
For the reasons stated above, we affirm the trial court's order finding appellants in violation of the restrictive covenant and directing them to remove their fence.
GRIMES, A.C.J., and SCHEB, J., concur.