DOWNEY, Judge.
In this non-final appeal appellants, Carmela Marengo and Marengo Interiors, Inc., d/b/a Mutual Management Group (Marengo), seek reversal of an order granting a temporary injunction and other relief. The basis for the temporary injunction is a non-competition agreement between Maren-go and appellee, Property Management Incorporated of South Florida (Property Management).
In conjunction with her employment with Property Management, Marengo executed a form agreement entitled “Manager Release Form,” in which Marengo agreed that upon leaving Property Management’s employment, for any reason, she would not engage or be engaged with any of Property Management’s clients, past or present. Marengo further agreed not to solicit any of said clients for herself or any company with which she was employed.
Marengo left the employment of Property Management and became employed as the management company for Renaissance of Pompano Beach, II, a condominium association, which had been a client of Property Management. Whereupon, Property Management commenced this suit against The Renaissance of Pompano Beach, II, and Marengo in four counts, one of which was for injunctive relief.
An evidentiary hearing was held upon Property Management’s application for *1389 temporary injunction and it appears from the proof adduced therein that, after leaving Property Management, Marengo entered into a management arrangement with Renaissance and that Marengo also solicited numerous other of Property Management’s clients. Accordingly, the trial court entered a temporary injunction against Marengo and Mutual Management Group, Inc., prohibiting them from “engaging in the property management business in the Dade and Broward Counties areas in any capacity whatsoever and are further prohibited from solicitation of any past or present clients of the Plaintiff.” From that order Marengo and Marengo Interiors, Inc., have perfected this appeal.
Contracts prohibiting an employee from engaging in a competing business, being in the nature of a contract in restraint of trade and personal liberty, will not be construed to extend beyond their proper import or further than the language of the contract absolutely requires. Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965).
Zimmer v. Pony Express Courier Corporation of Florida, 408 So.2d 595, 597 (Fla. 2d DCA 1981) (emphasis added).
Marengo contends the temporary injunction is too broad; it covers a much broader scope and subject matter than agreed to by the parties. Whereas Marengo had agreed that upon termination of her employment she would not be engaged with any of appellee, Property Management’s, clients, past or present, nor would she solicit any of said clients, the temporary injunction not only prohibits Marengo and Marengo Interiors, Inc., from soliciting any of Property Management’s clients, past or present, but it also prohibits Marengo, et al. from engaging in the property management business in Dade or Broward Counties in any capacity whatsoever. We agree the order is far broader than the agreement. Therefore, we reverse the order and remand to the trial court to enter a temporary injunction restricted to the limitation contained in the contract of the parties.
REVERSED AND REMANDED, with directions.
LETTS and GLICKSTEIN, JJ., concur.