COBB, Judge.
In this case the defendants below, Walter and Theresa Banks, purchased five lots in Block B of a platted subdivision in Citrus County on December 18, 1983. At that point in time the property was zoned commercial, but there were no commercial enterprises in that particular block, although *465 there were a number in the subdivision itself. Although the Bankses had actual notice that their deed contained a restriction limiting the usage of such property to “only single family dwelling homes,” their purpose in purchasing the property was to build a commercial structure thereon. Owners of adjacent property, Kenneth and Patricia Lancaster, whose property was also in Block B and protected by the restrictive covenant relating to all property in the subdivision, gave 'written notice in January, 1984, of their objection to a commercial usage of the Bankses’ property. Nevertheless, the Bankses proceeded in May, 1984, to obtain a building permit and erect a “car care and stereo shop,” improperly relying on their zoning classification as taking precedence over the restrictive covenant.
The Lancasters filed a complaint to enforce the restrictive covenants and, ultimately, were denied relief after a nonjury trial in 1985. The trial court held that the restriction was unenforceable because of the commercial nature of the surrounding neighborhood which, in its view, rendered the Bankses’ property “not suitable for single family owner occupied residential development.” The court also found that material changes had occurred in the neighborhood both before and after the Bankses’ purchase, and that the property was “virtually worthless for the restricted use.”
In Wood v. Dozier, 464 So.2d 1168 (Fla.1985), the Florida Supreme Court reaffirmed the principle it had recognized in Allen v. Avondale Co., 135 Fla. 6, 185 So. 137 (1938), that a change in the circumstances of a neighborhood which took place after imposition of a restrictive covenant, but prior to an owner’s purchase, cannot entitle that owner to relief from the restriction. In Acopian v. Haley, 387 So.2d 999 (Fla. 5th DCA 1980), review denied, 392 So.2d 1375 (Fla.1981), we observed that, in order to invalidate a restrictive covenant based on subsequent changes in the character of a neighborhood, those changes “must be such as materially affect the restricted land and frustrate the object of the restrictions.” We cited to Allen in support of this proposition, and then stated:
Where the restriction is for the benefit of and is still of substantial value to the dominant lot, notwithstanding the changed condition of the neighborhood in which the lot is situated, a court of equity will restrain its violation.
Id. at 1001. In support of the latter proposition, we relied upon Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551 (1935).
In the instant case, the Bankses failed in regard to both evidentiary requirements for invalidating the restrictive covenant at issue: (1) their testimony of a general increase in commercial traffic, use of a warehouse as an office, and the gravelling of an existing driveway in the subdivision falls far short of a showing of material changes in the character of the neighborhood occurring subsequent to December 18, 1983; and (2) no evidence whatsoever was presented by the Bankses to indicate that the restriction was of no substantial value to the dominant lot (the Lancaster property). In the latter respect, the only evidence introduced was that of a real estate appraiser offered on behalf of the Lan-casters, who testified that removal of the restriction from the Bankses property reduced the value of the Lancaster property by some $6,500. The trial court’s rejection of this expert’s testimony cannot substitute for converse evidence which the Bankses failed to offer. Nor can a view by the trial court supply chronological evidence — i.e., it could not tell the viewing judge what was there after, and not before, December 18, 1983; and the view was irrelevant to the value impact on the Lancaster property in the absence of any admissible testimony or evidence in that regard.
REVERSED.
SHARP, J., concurs.
COWART, J., dissents with opinion.