PER CURIAM.
The appellants in this case, Tom and Peggy Wood, appeal from the trial court’s order denying their motion for rehearing. We reverse and remand.
In 1975, the Woods bought the Driftwood Motel on Lots 3, 4, and 5 of Block 7 of Mexico Beach, Unit 3, subject to the following plat restrictions:
All lots shown on this plat are restricted to residences. No house may be erected on any lot shown hereon at cost of less than Three Thousand dollars ($3,000.00). Only one (1) building may be erected on each lot, except a garage apartment may be placed on the rear of any lot....
The original subdividers had allowed an exception to the plat restrictions for the construction of the Driftwood Motel, which consisted of eight units. The Woods increased the number of units in the Driftwood Motel to 12, and in 1981, purchased Lots 1 and 2 with the intent of expanding the motel by an additional 12 to 14 units. The Woods had constructed a two-unit *1237 building on Lot 2 and were beginning to construct a four-unit building on Lot 1 when appellees, Carolyn and Raymond Dozier, filed suit for injunctive relief to enjoin the construction of any additional motel units. The Doziers alleged that the proposed construction would violate the restrictive covenant that prohibited all but residential construction on the subject plats. The Woods answered, alleging the plat restrictions were invalid because of radical changes in the area, general disregard of the restrictions by other property owners, and the passage of time. The circuit court granted the Doziers a temporary injunction on March 25, 1982.
The trial court eventually entered a final judgment partially invalidating the deed restrictions and allowing the Woods to build two structures with not more than a total of six units on Lots 1 and 2. In so ruling, the court permitted present and future lot holders to violate the restrictive covenant to the same extent that other lot holders had violated it but upheld the restrictions prohibiting motels or any other commercial developments. The Doziers appealed, and while their appeal was pending before this court, the Woods completed the construction of the four-unit building on Lot 1.
On appeal, we reversed the trial court’s decision and upheld the restrictive covenant. Dozier v. Wood, 431 So.2d 184 (Fla. 1st DCA 1983). After denying the Woods’ motion for rehearing, we certified to be of great public importance questions regarding the effect of preexisting violations on the enforcement of restrictive covenants. Wood v. Dozier, 464 So.2d 1168 (Fla.1985). The Florida Supreme Court affirmed our decision, holding that motel owners, in seeking to remove a deed restriction, could not rely on changes occurring in the neighborhood before their own acquisition of title. Id. at 1169.
The circuit court later entered an order granting a mandatory injunction to the Do-ziers. The order stated: “[n]o commercial activity or commercial parking shall be allowed on said lots,” and “[t]he building existing on Lot 1, Mexico Beach Unit 3, Block 7 consisting of four (4) units shall either be removed, or brought into compliance with these restrictions, by the defendants, Tom Wood and Peggy Wood.” In an order denying the Woods’ motion for rehearing, the court amended the latter provision to read:
The building existing on Lot 1, Mexico Beach Unit 3, Block 7 consisting of four (4) units shall either be removed or brought into compliance with those restrictions by making it into a two (2) unit building such as is located on Lot 2, Mexico Beach Unit 3, Block 7, by the Defendants, Tom Wood and Peggy Wood....
The Woods assert in this appeal that the lower court erred in considering new matters not within the scope of the decisions of this court and of the Florida Supreme Court without having first held an eviden-tiary hearing. They also contend that the trial court lacked the authority to grant a mandatory injunction, that the court improperly concluded that a four-unit structure could not be used for residential purposes within the meaning of the restrictive covenant, and that the trial court erred in finding that the subdivision restrictions prevented parking incidental to commercial usage on the lots.
The principal issue on this appeal is whether appellants were entitled to an evi-dentiary hearing after remand by the appellate courts. We reverse the appealed judgment and remand for an evidentiary hearing on all issues except the issue regarding commercial use (parking) on the property. The commercial parking issue became final long before this appeal because it was decided adversely to appellants in the original judgment and not cross-appealed when the Doziers appealed that judgment. See Quast v. Quast, 498 So.2d 1307 (Fla. 4th DCA 1986).
At the first trial, the court applied the rule of law that allowed it to do equity among the parties by not strictly enforcing all of the restrictive covenants due to changed conditions in the neighborhood. That ruling was reluctantly reversed by this court upon the principle of law that the Woods could not rely on changes that had occurred prior to their purchase of the *1238 property. Dozier v. Wood, 431 So.2d 184 (Fla. 1st DCA 1983). Our decision was approved by a divided supreme court. Wood v. Dozier, 464 So.2d 1168 (Fla.1985). Upon remand the parties should have been entitled to a new trial in accordance with the applicable rule of law enunciated in the appellate decisions. When the case returned to the trial court, the trial judge was confronted with deciding issues relating to the meaning and application of the restrictive covenants that the court had previously declined to apply to the Woods’ property. The parties should have been given the opportunity to present evidence on these issues because the trial court had to rejudge the case under a different rule of law from that applied in the first trial.
We have no quarrel with the notion that the trial court has authority to enter a mandatory injunction against the Woods to enforce the restrictive covenant. See Rea v. Brandt, 467 So.2d 368 (Fla. 2d DCA 1985). But this proposition does not adequately address appellants’ concern. The Woods primarily complain that the trial court erred in entering an overbroad mandatory injunction because no evidentiary hearing was permitted.
They contend that the trial court incorrectly concluded that the four-unit structure could not be used for residential purposes within the meaning of the restrictive covenant, and thus issued a mandatory injunction that is overbroad in application. We agree that the mandatory injunction is overbroad to the extent that it regulates the number of units per building. A trial court may not grant a mandatory injunction prior to final hearing or the opportunity to present all of the facts unless the right to such an injunction is clear and free from reasonable doubt. Delta General Corp. v. Priess, 389 So.2d 1083 (Fla. 3d DCA 1980). In the instant case, the trial court inexplicably amended its order granting a mandatory injunction to restrict residences to duplexes even though the number of units per building has never been an issue in this case. Neither of the parties to this appeal has had the opportunity to litigate this issue.
Injunctions that are overbroad in application are erroneous and may not be enforceable to the extent of their over-breadth. Goodell v. Goodell, 421 So.2d 736 (Fla. 4th DCA 1982). In Marengo v. Property Management, Inc. of South Florida, 472 So.2d 1388 (Fla. 4th DCA 1985), the court found a temporary injunction too broad where it covered a larger scope and subject matter than the contract on which the parties had originally agreed. The court restricted the injunction to the limitations contained in the contract. A similar result is warranted here. If the trial court’s conclusions as to the number of permissible units per lot under the restrictive covenant is incorrect, then it follows that the injunction is overbroad. This conclusion is especially compelling since restrictive covenants are to be narrowly construed in favor of the property owner. Spey v. Hayes, 406 So.2d 1176 (Fla. 1st DCA 1981).
The restrictive covenant in the instant case imposed the following limitations on the use of the subject lots: (1) the lots are to be used for residential purposes; (2) only the construction of one building and one garage per lot is permissible; (3) any houses must be constructed at a cost of not less than three thousand dollars ($3,000.00). The covenant contains no limitations as to the number of units per building. Whether the restrictive covenant limits buildings to two-unit structures is a disputed issue that cannot be resolved without a full evidentiary hearing.
Because the trial court declined to accord the parties an evidentiary hearing in respect to all issues regarding the meaning and application of the restrictive covenants to the facts of the case (except the commercial use issue), we hold that the court reversibly erred and that this cause must be reversed and remanded for further eviden-tiary proceedings.
REVERSED AND REMANDED.
SHIVERS, THOMPSON and ZEHMER, JJ., concur.