BASKIN, Judge
(dissenting).
I would grant the wife’s motion for rehearing. Although a trial court retains *371 jurisdiction to revisit the terms of an injunction, Hale v. Miracle Enter. Corp., 517 So.2d 102 (Fla. 3d DCA 1987), it is apodictic that the retention does not substitute for appellate review or preclude our consideration of the injunction’s terms. E.g., Woodrum v. Woodrum, 590 So.2d 1093 (Fla. 3d DCA 1991); Wood v. Dozier, 529 So.2d 1236 (Fla. 1st DCA 1988); Goodell v. Goodell, 421 So.2d 736 (Fla. 4th DCA 1982).
The trial court’s injunction is appropriately before this court for appellate review. We need not shirk our responsibility merely because the trial court will be free to reconsider its ruling at some future date. Because wrongs should be remedied in a timely fashion, without undue delay, the impermissible injunction should be quashed now. For these reasons, as well as for those stated in my original dissent, I would grant rehearing.