142 So.2d 128 (1962)
Earl R. HARWICK, Appellant,
v.
INDIAN CREEK COUNTRY CLUB, a Florida Corporation Not for Profit, Appellee.
No. 61-715.
District Court of Appeal of Florida. Third District.
June 12, 1962.
*129 Dean, Adams, Fischer & Gautier and Robert M. Sturrup, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellant, plaintiff below, seeks review of a summary final decree dismissing his cause of action seeking recission of the purchase and sale agreement of certain real property.
In 1960, the appellant purchased a lot in an exclusive subdivision from the appellee, in reliance upon certain deed restrictions which restricted the use of all lots in the subdivision to single family residences. Subsequent to the closing, the appellant learned that in 1944 there had been an agreement entered into by some, but not all, of the owners of the lots in the subdivision, the effect of which would have been to relax the single family deed restrictions to permit the construction of apartment units on certain property in the vicinity of that purchased by the appellant. Upon learning of this purported agreement and the fact that this property was zoned for multiple family residence by the municipal authorities, notwithstanding the deed restrictions, the appellant offered to reconvey the property to the appellee in exchange for the return of the consideration he had expended in purchasing the property. This the appellee refused to do, and the appellant instituted an action for recission, contending that there had been a material misrepresentation as to the restrictive nature of the use of all the lots in the subdivision for residential purposes. Subsequent to discovery proceedings and certain requests for admissions being propounded by the appellant, the appellee moved for a summary decree which was granted, dismissing the cause.
There appearing to be no material issue of fact in dispute, the entry of the summary decree will be affirmed. The record on appeal discloses that the agreement of 1944 was unenforceable and void because of the failure of all the property owners in the subdivision to execute it. Tolar v. Meyer, Fla.App. 1957, 96 So.2d 554. Therefore, same did not operate to relax the restrictive single family residence restrictions within the subdivision which are still enforceable by the appellant. Neither did the apartment house zoning have the effect of altering or modifying the deed restrictions. Therefore, there could not have been any material misrepresentation warranting recission of the purchase and sale, and the summary final decree entered by the chancellor be and it is hereby affirmed.
Affirmed.