SMITH, JAMES T., Associate Judge.
This is an appeal by the defendants from a Final Decree granting the plaintiff’s Motion for a Summary Judgment in a suit to rescind a contract to sell a liquor business.
In October, 1964, the plaintiff, Davis, and the defendant, Gercas, entered into an agreement by which plaintiff agreed to purchase from the defendant a certain business known as the Beachcomber Bar and Cocktail Lounge. Under the ■ agreement plaintiff was also given an option to purchase an adjoining lot. A paragraph in the agreement provided that the seller, defendant, made no representations to the buyer, plaintiff, other than that he had been engaged in the business in its present location since approximately the latter part of 1961. Defendant, Safron, acted as attorney and escrow agent for both buyer and seller. The purchase price was $75,000.00 and $7,500.00 was deposited by the purchaser with the escrow agent.
The lots described in the agreement were located in Port Charlotte Subdivision, a General Development Corporation project in Charlotte County. The lot on which the Bar is located (Lot 40) was purchased by one Fellman and wife on a contract which provided that the lot was to be conveyed subject to restrictive covenants printed on the reverse side. These restrictions so printed contained no prohibitions against the sale of alcoholic beverages. However, prior to the issuance of a deed to the Fell-mans, the corporation recorded restrictions prohibiting the sale of alcoholic beverages on both lots. The Fellman deed, when issued, recited that it was executed subject to restrictions of record. The same restrictions were also of record when title was obtained by Gercas to the optioned lot (Lot *11 39). Plaintiff was not informed of these restrictions by either of the defendants and upon learning of them a few days later (October 30, 1964) he gave written notice to the defendants that he was rescinding the contract because
“I was fraudulently misled to believe that I was purchasing a business that could be lawfully run on the premises and on the property which I had an option to buy. * * * ”
He also demanded the return of his deposit. This being refused he brought suit for rescission and for a return of his deposit.
Defendants present several points on appeal. They first contend that the lower court erred in granting summary judgment for the reason that there was a genuine issue of fact, i. e., the fraud and misrepresentation practiced by the defendants. Inasmuch as both the deeds to Fellman and Gercas contained restrictions which prohibited plaintiff’s use of the property for the very purpose for which it was being purchased; and inasmuch as there is no contention by the defendants that they notified the plaintiff that such restrictions existed, and inasmuch as the defendant, Gercas, was bound by the restrictions contained in his deed,[1] it seems to this Court that the defendants, and each of them, were under a duty to inform the plaintiff of these restrictions and that the withholding of this information from the plaintiff amounted to a false representation as a matter of law and justified the entry of the Summary Judgment. We also note that defendants filed a Motion for Summary Final Decree in which they alleged there was no genuine issue of material fact.
It is next contended by the defendants that the lower court erred in finding that the modifications of restrictions executed by the owners of all of the property covered by the restrictions was a nullity. The answer to this problem is contained in the restrictions themselves which provide that in the event of a breach of the restrictions, the subdivider, and its successors and assigns, and the owners of residential lots, shall have the right to enforce the restrictions in law or equity. The restrictions were placed upon Lots 30 to 49 inclusive. There were nineteen residential lots in the same block and there were perhaps five hundred or more lots in the same section of the same subdivision. No release of the restrictions was obtained from the sub-divider, or any of the residential lot owners in the subdivision. It would seem that under these circumstances a release or a modification of the restrictions by the owners of the lots so restricted, so as to permit the sale of alcoholic beverages, would be a nullity. The right of enforcement was limited by the terms of the restrictions to the subdivider, its successors and assigns, or the owners of the residential lots, none of whom had executed such a modification or release. That residential lot owners are the beneficiaries of restrictive covenants is well settled.[2] In the case now before us the subdivider was careful to establish that the restrictions were for the benefit of the residential lot owners by giving them the power to enforce the restrictions. A modification or release from anyone else would be worthless.
We have carefully examined the other assignments of error and points raised and argued in briefs and find them to be without merit. The decree of the lower court is, therefore, affirmed.
ALLEN, C. J., and HOBSON, J., concur.

. Vetzel v. Brown, 86 So.2d 138 (Fla.1956).

. Osius v. Barton, 109 Fla. 556, 147 So. 862-868, 88 A.L.R. 394 (1933). Batman v. Creighton, 101 So.2d 587 (D.C.A.Fla.1958).