CARROLL, DONALD, Judge.
Two of the defendants in an action for injunctive relief have appealed from a final summary decree entered by the Circuit Court for Okaloosa County, mandatorily enjoining them to comply with certain restrictive covenants.
The question presented for our determination in this appeal is whether, under our procedural rules governing the entry of summary decrees, the plaintiff was entitled to such a decree as a matter of law.
The key provision in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., pertaining to the entry of summary judgments and decrees, provides that, upon a hearing on a party’s motion for a summary judgment or decree, the “judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law.”
Thus, as our courts have frequently emphasized, there are two conditions precedent to the entry of a summary judgment or decree, namely: (a) that there is no *456 genuine issue as to a material fact; and (b) that the moving party is entitled to a judgment or decree as a matter of law.
The facts pertaining to the said restrictive covenants, as established by the evidence before the Circuit Court at the hearing on the plaintiffs’ motion for a summary decree are, briefly and substantially, as follows :
In 1961 Ernest Rice and Dorothy E. Rice, his wife, owned the land involved in this action (lots 4 through 20, Block 102, in a subdivision known as “Townsite of Port Dixie,” Okaloosa County). On September 12, 1961, they conveyed the said land by warranty deed to the said Dorothy E. Rice, her heirs, executors, administrators, assigns forever, subject to several restrictive covenants, including a building restriction and a restriction that trailers “will not be allowed on property.”
Similarly, on January 9, 1962, Mr. and Mrs. Rice conveyed the said land to the said Dorothy E. Rice by a deed containing the mentioned restrictive covenants.
On May 26, 1966, however, Mr. and Mrs. Rice conveyed the said land by warranty deed to themselves, as husband and wife, which deed contains a provision entitled “RESTRICTED COVENANTS REMOVAL,” which provision declares: “All restrictive covenants pertaining to” the said land, by the deeds dated September 12, 1961, and January 9, 1962, described above, “are cancelled and removed in their entirety.”
Less than two months later, on July 2, 1966, Mr. and Mrs. Rice conveyed the said land by a deed to the appellants, which deed contains the following provision: “This conveyance is issued without any building restrictions.” This deed did not contain the restrictive covenants described in the said deeds of September 12, 1961, and January 9, 1962.
All of the above-mentioned deeds were duly recorded in the public records of the said county.
In the summary decree appealed from herein, the Circuit Court found that the appellants had violated the- said restrictive covenants and issued a mandatory injunction ordering them to remove all trailers from the said land.
As we consider the record in this cause, we see no legal reason why the above deed dated May 26, 1966, did not effectively cancel and remove the restrictive covenants incorporated by Mr. and Mrs. Rice in their deeds of September 12, 1961, and January 9, 1962. This being so, of course, the appellants cannot correctly be enjoined from violating such covenants. The deed to them dated July 2, 1966, was clear of those restrictive covenants both by express provision in their deed and by operation of law.
Accordingly, the summary decree appealed from herein must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
JOHNSON, C. J., concurs, and RAWLS, J., specially concurs.