533 So.2d 819 (1988)
Norman H. ROTH, Shirley H. Roth, Eli Saffran, Anne W. Saffran, Leo S. Wassner, Pearl K. Wassner, Jack Miller, Shirley Miller, Jack I. Kramer, Jeanette Kramer, Philip Bernstein, Charlotte Bernstein, David Bernstein, and Ellen Bernstein, Appellants,
v.
SPRINGLAKE II HOMEOWNERS ASSOCIATION, INC., a Florida Corporation Not for Profit, Appellee.
No. 87-1195.
District Court of Appeal of Florida, Fourth District.
October 12, 1988.
Rehearing and Rehearing Denied December 12, 1988.
Peter S. Sachs, Louise E. Tudzarov and Spencer M. Sax of Sachs & Sax, P.A., Boca Raton, for appellants.
Edward S. Polk of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied December 12, 1988.
LETTS, Judge.
In a struggle between a Homeowners Association and certain unit owners, the latter group appeals the trial court's decision to permit the grant of exclusive easements over the Common Areas. We reverse.
The development in question is not of the condominium variety. The warranty deeds to the forty-eight units all contain the language, "together with a 1/48th share of the Common Areas." Similar language appeared in the declaration. In addition, the declaration provided that "[no] fence, wall or other structure shall be erected or maintained upon any portion of the common areas by any lot owner."
Despite the quoted language above, the trial court upheld an amendment to the declaration, approved by three quarters of the owners, which gave the Homeowners Association authority to grant exclusive easements to allow patio extensions as an adjunct to particular units, over and upon the common areas. We conclude that this was improper.
As we have already said, this is not a condominium development, yet a close parallel can be found under section 718.110(4), Florida Statutes (1987), which provides as follows:
Unless otherwise provided in the declaration as originally recorded, no amendment may change the configuration or size of any condominium unit in any material fashion, materially alter or modify the appurtenances to the unit, or change the proportion or percentage by which the owner of the parcel shares the common expenses and owns the common surplus unless the record owner of the unit *820 and all record owners of liens on it join in the execution of the amendment and unless all the record owners of all other units approve the amendment.
Needless to say, the statute is not applicable here. Yet its content comports with basic law. Under the facts presented, a unit owner cannot be divested of his ownership without his consent. The consent of all forty-eight unit owners would be required to legally accomplish what transpired. The Homeowners Association "could convey no greater interest in the property than [it] owned." Kern v. Weber, 155 So.2d 619 (Fla. 3d DCA 1963).
The language of the original declaration sub judice was akin to subdivision restrictions which normally cannot be amended without the consent of all the property owners. Harwick v. Indian Creek Country Club, 142 So.2d 128 (Fla. 3d DCA 1962). "That residential lot owners are the beneficiaries of restrictive covenants is well settled." Gercas v. Davis, 188 So.2d 9, 11 (Fla. 2d DCA 1966); Moore v. Dykes, 225 So.2d 455 (Fla. 1st DCA 1969); also see Downey v. Jungle Den Villas Recreation Association, 525 So.2d 438 (Fla. 5th DCA 1988).
We, therefore, hold that the Homeowners Association could not grant exclusive easements over the common areas and this cause is reversed and remanded for entry of a judgment in conformance herewith.
Without comment, we reverse the award of attorney's fees.
REVERSED AND REMANDED.
DOWNEY and STONE, JJ., concur.