610 So.2d 112 (1992)
John W. PALMA and Gloria Palma, Appellants,
v.
The TOWNHOMES OF ORIOLE ASSOCIATION, INC., a Florida not-for-profit corporation, Appellee.
No. 92-0033.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
*113 Ephraim Collins, Margate, for appellants.
Hector E. Lora of Becker & Poliakoff, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The appellants, John and Gloria Palma, appeal from the denial of their motion for summary final judgment and from a final judgment which was entered against them and in favor of the Townhomes of Oriole.
The Palmas are the owners of a townhome in the Townhomes of Oriole.[1] The development consists of 38 clusters, with each cluster containing 6 to 10 townhomes. The clusters are divided into two sections, Townhomes of Oriole I and Townhomes of Oriole II. The original Declaration of Covenants provided that the common areas of the development were to be maintained by the association; in contrast, the individual homeowners were to pay for the maintenance of their individual homes.
In March of 1981 the Board of Directors enacted an amendment to the Declaration of Cluster Covenants and Cross Easements and purported to give the Board power to authorize the expenditure of money for items which were formerly the responsibility of the individual homeowners. In September 1989, pursuant to this amendment, the board voted to levy a special assessment of $75 per home owner to cover the costs of making repairs to fences and landscaping throughout the community. The Palmas refused to pay the assessment. Consequently, the association filed a lien against their property and later brought an action to foreclose the lien. The Palmas defended on the ground that the association had no authority to levy an assessment to cover those costs and that the Board had improperly amended the covenants without a vote of the membership. Both the association and the Palmas filed motions for summary judgment which were denied. The cause progressed to trial and the court ultimately entered final judgment against the Palmas and ruled that the board had acted properly in passing the amendment and in levying the assessment. We reverse on grounds that the amendment to the covenants, which purportedly gave the Board of Directors the power to levy an assessment for maintenance of individual unit owner's property, was invalid since it was passed without a meeting or vote of the membership.
We have examined the documents submitted into evidence and believe that there is an ambiguity contained therein. The Articles of Incorporation in Article V(9)(b)(i), (ii) and (iii) provides that matters substantially pertaining to a particular residential structure shall be voted upon only by the class members of that structure; whereas matters substantially pertaining to the association or the townhomes of Oriole as a whole shall be voted on by the membership. An ambiguity arises when section J. of the Declaration of Covenants and Easements for the Townhomes of Oriole provides for an amendment to the documents by the Association alone: "The right to amend and modify this Declaration is hereby reserved unto Developer and the Association ..."
A further ambiguity arises in the provisions of Article V, section 9(c) which mandate a membership vote on the amendments which effect the entire membership:
Any decision as to whether a matter substantially pertains to a particular Residential Structure, Townhomes of Oriole I or II for purposes of Class Member voting or to the Association or the Townhomes of Oriole as a whole for Membership voting shall be determined solely by the Board but any matter material to the Recreation Area or the Declaration as it relates to all Townhome Owners cannot be allocated by the Board to other than the full Membership ... (emphasis added)
It is clear that an ambiguity should be resolved in favor of the homeowner. Norwood-Norland Homeowners' Inc. v. Dade County, 511 So.2d 1009 (Fla. *114 3d DCA 1987) (Covenant which is substantially ambiguous is resolved against the party claiming the right to enforce the restriction). See also, Roth v. Springlake II Homeowners Ass'n, 533 So.2d 819 (Fla. 4th DCA 1988). Construing the provisions of the documents against the association, we believe that under these circumstances an amendment to the documents required a vote of all the property owners.
REVERSED AND REMANDED, for further consistent proceedings.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] For purposes of clarity we note that this is not a condominium and that the provisions of the Condominium Act, Chapter 718, are inapplicable. Rather, general contract principles and case law are governing.