McCarthy, TIMOTHY P., Associate Judge.
The appellants and appellees own residential dwellings in the Maplewood Addition in Broward County, Florida. The appellants requested a permanent injunction against appellees’ proposed use of this dwelling as an Adult Congregate Living Facility (ACLF) premised upon a Declara *508 tion of Restrictions and Protective Covenant. The trial court denied the request for permanent injunction. We affirm.
The appellees purchased their single family dwelling to both live in and to use as an ACLF for up to six non-family members, as permitted by Florida Statutes, sections 419.01 and 400.401. The appellants objected to the use of the home as an ACLF and sought to enforce the provisions of the Declaration of Restrictive Covenants to prevent the ACLF from operating within their residential neighborhood. The applicable restrictive covenant provided:
“USE RESTRICTIONS. Lots may be used for dwelling units and pertinent uses and for no other purposes. No business buildings may be erected in the subdivision and no business may be conducted on any part thereof, nor shall any dwelling unit or any portion thereof be used or maintained as a professional office.” (Emphasis supplied)
The gravamen of the dispute is whether the phrase “on any part thereof” applies to the term “business building ” or the word “subdivision.” The trial court denied the request for a permanent injunction and ruled that any ambiguity in the restrictive covenants should be resolved in favor of the homeowner. Restrictive covenants pertaining to the free use of real property are to be strictly construed in favor of the appellees. Palma v. Townhomes of Oriole Association, Inc., 610 So.2d 112, 113 (Fla. 4th DCA 1992); James v. Smith, 537 So.2d 1074 (Fla. 5th DCA 1989).
AFFIRMED.
POLEN, J., concurs.
GROSS, J., concurs specially with opinion.