NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| 5F, LLC; and MOUNT MASSIVE, LLC, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | Case Nos. 2D17-949 |
| | ) ) | 2D17-1155 |
| BOCA GRANDE ISLE LLC; THREE | ) | CONSOLIDATED |
| SISTERS ISLE LLC; REDFISH | ) | |
| ALLEY, LLC; OSPREY ALLEY LLC; | ) | |
| GORDON BURNS; MARIE BURNS; | ) | |
| ELIZABETH GHRISKEY; JOHN | ) | |
| SAMUELS and DIANE SAMUELS, | ) | |
| as trustees of the JS RESIDENTIAL | ) | |
| TRUST AGREEMENT DATED | ) | |
| DECEMBER 13, 2012, and the DS | ) | |
| RESIDENTIAL TRUST AGREEMENT | ) | |
| DATED DECEMBER 13, 2012; | ) | |
| ANN S. AIKENS, MARTIN L. KATZ, | ) | |
| and JOSEPH AVIV, as trustees of | ) | |
| the ROBERT AIKENS REVOCABLE | ) | |
| TRUST; and ALAN PIKE, as trustee | ) | |
| of the CHAD RUSTAN PIKE 2012 | ) | |
| REVOCABLE TRUST, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |
| | ) | |
| BOCA GRANDE ISLES PROPERTY | ) | |
| OWNERS ASSOCIATION, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOCA GRANDE ISLE LLC; THREE | ) | |

SISTERS ISLE LLC; REDFISH )
ALLEY LLC; OSPREY ALLEY LLC; )
ALAN PIKE, as trustee of the CHAD )
RUSTAN PIKE 2012 REVOCABLE )
TRUST; REYNOLDS GUYER; BOB )
HALL; JOHN JACKOBOICE; LYNN )
KIEFFER; STEVE KIEFFER; JAY )
PROOPS; LINDA WIGGIN; THREE )
SISTERS HOMEOWNERS )
ASSOCIATION, INC.; RON STRICH; )
CHRIS JOHNSON; and JEFF )
DEATERLY, )
)
           Appellees. )
_____)

Opinion filed October 12, 2018.

Appeal from the Circuit Court for Lee County; John E. Duryea, Jr., Judge.

Jason A. Lessinger and Bradley J. Ellis of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellants 5F, LLC and Mount Massive, LLC.

J. Matthew Belcastro of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellant Boca Grande Isles Property Owners Association, Inc.

John A. DeVault, III, Michael E. Lockamy, and John G. Woodlee of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville; and Richard W. Hawthorne of Richard W. Hawthorne, Jacksonville, for Appellee Boca Grande Isle LLC.

David B. Weinstein and Ryan T. Hopper of Greenberg Traurig, P.A., Tampa, for Appellees John Samuels, Diane Samuels, Gordon Burns, and Marie Burns.

Christopher L. Ulrich of Cummings
& Lockwood, LLC; and Marve Alaimo
of Porter, Wright, Morris, & Arthur,
Naples, for Appellee Elizabeth
Ghriskey.

No appearance for remaining
Appellees.


ROTHSTEIN-YOUAKIM, Judge.

We affirm the trial court's entry of final summary judgment in favor of the plaintiffs[1] on count one of the complaint and the plaintiffs/counterclaim defendants[2] on count one of the amended counterclaim in Case No. 15-CA-001157. The restrictions on the use of Lot 99 of Boca Grande Isles (BGI), as set forth in the 1974 Declaration of Restrictions that binds all of the lot owners of BGI (the Declaration), run with the land and may be amended only upon the unanimous consent of all of the lot owners of BGI. See Van Loan v. Heather Hills Prop. Owners Ass'n, 216 So. 3d 18, 23 (Fla. 2d DCA 2016) ("Because there was no express delegation of authority to the [property owners association] to amend the restrictive covenants, the restrictive covenants can only be amended by the consent of all the property owners in the subdivision." (citing Roth v.

---

[1]Boca Grande Isle LLC, Three Sisters Isle LLC, Redfish Alley LLC, and Osprey Alley LLC. (During the pendency of this appeal, the property owned by Boca Grande Isle LLC was transferred to Alan Pike as trustee of the Chad Rustan Pike 2012 Revocable Trust. The appellants' motion to join the trustee as an appellee to these proceedings was granted.)

[2]The counterclaim defendants included the four plaintiffs plus additional counterclaim defendants Gordon and Marie Burns, Elizabeth Ghriskey, John and Diane Samuels as trustees of the JS and DS Residential Trusts, and Robert Aikens. (Mr. Aikens passed away during the course of the litigation and his property was transferred to Martin L. Katz and Joseph Aviv as trustees of the Robert Aikens Revocable Trust.)

Springlake II Homeowners Ass'n, 533 So. 2d 819, 820 (Fla. 4th DCA 1988))). The plaintiffs' and counterclaim defendants' later purchases of their lots did not effect a novation of the Declaration to the extent that it sets forth restrictions that run with the land and constitute a contract among all of the lot owners. Cf. Jakobi v. Kings Creek Vill. Townhouse Ass'n, 665 So. 2d 325, 327 (Fla. 3d DCA 1995) (holding, in the context of personal contractual obligations between a townhouse owner and the master and townhouse associations, that the transfer of a townhouse deed, "rather than effecting a mere assignment, constituted a novation of the bylaws and declaration of covenants and restrictions as between the Master Association, the Townhouse Association, and the owner" (emphasis added)).

Because we hold that affirmance is warranted on this basis, we do not comment on the trial court's alternative conclusion, as set forth at paragraphs 30 through 36 of the magistrate judge's thorough and well-reasoned report and recommendation of September 1, 2016.

Affirmed.

NORTHCUTT and SALARIO, JJ., Concur.