369 So.2d 1033 (1979)
U SHOP RITE, INC., et al., Appellants,
v.
RICHARD'S PAINT MFG. CO., INC., Etc., et al., Appellees.
No. 77-2188.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
Larry Klein, West Palm Beach, and Harvey C. Poe, Melbourne, for appellants.
Grady N. White, Melbourne, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment awarding injunctive relief and a judgment awarding compensatory and punitive damages. We reverse.
The permanent injunction provides "U Shop Rite, Inc., Paint Rite Mfg., Inc., O.A. Griffis, Ronald V. Rowsey and each of them, their agents, servants and/or employees and those acting in concert therewith, directly or indirectly be and they are hereby forthwith jointly and severally, perpetually enjoined and restrained from the manufacture, distribution, sale and/or offering for sale, any and all paint products manufactured, produced, sold or offered for sale by the defendant Paint Rite Mfg., Inc." A perpetual injunction is unknown to the law, therefore unenforceable through a judgment of the court and the attempt to impose such a sanction is an abuse by the trial court of its equity powers. There was a contract between the appellants O.A. Griffis and U Shop Rite, Inc. as one party, and appellees, Edward J. Richard and Richard's Paint Mfg. Co., Inc. as the other party, *1034 by the terms of which appellants would not "enter into a competitive business such as the paint manufacturing business, within a 350 mile radius of the Richard's Paint Mfg. Co., Inc. paint manufacturing plant located in Brevard County, Florida, for a ten year period from the date of this agreement." As worded this agreement limits its no-competition clause to paint manufacturing which competes with Richard's Paint Mfg. Co., Inc. within 350 miles of the plant in Brevard County for ten years. The injunction which expands the contract duties is erroneous to the extent it expands those duties. The injunction is also excessive where it enjoins persons other than those party to the contract.
As to the judgment for damages, the trial court committed error when it awarded punitive damages in a breach of contract case, since the acts constituting the breach of contract do not also amount to a cause of action in tort. Henry Morrison Flagler Museum v. Lee, 268 So.2d 434 (Fla. 4th DCA 1972). The award of "punitive damages ... in consideration of attorney fees incurred by plaintiffs" was error not only because punitive damages are not proper but because there was no contractual or statutory right to attorneys fees.
In the course of the trial the judge found "... I don't have any testimony as to how much it is, and you can say that the court couldn't allow damages." Yet he went ahead and awarded compensatory damages of $150.00. We agree with his statement no compensatory damages were proved and decline to accept appellees urging that the judge really meant to say nominal damages, in order to support the punitive damages award. Thus the award of compensatory damages was error.
The judgment is reversed and this cause is remanded for entry of a proper judgment in accordance herewith.
REVERSED and REMANDED.
DOWNEY, C.J., and CROSS, J., concur.