388 So.2d 1076 (1980)
FLORIDA JAI ALAI, INC., a Florida Corporation, Appellant,
v.
SOUTHERN CATERING SERVICES, INC., a Florida Corporation, Appellee.
No. 79-1825/T4-729.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
Richard G. Garrett and Sue M. Cobb of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff, P.A., Miami, for appellant.
Sam Daniels of Daniels and Hicks, Miami, and Pitts, Eubanks & Ross, Orlando, for appellee.
GREEN, OLIVER L., Associate Judge.
This appeal is from a final judgment resolving disputes between the parties relating to past business dealings and also providing for a permanent injunction against the appellant, Florida Jai Alai, Inc., from terminating a concession agreement with the appellee, Southern Catering Services, Inc. We affirm the portion of the final *1077 judgment which resolves past disputes between the parties. We reverse the portion of the final judgment which imposes a permanent injunction against the appellant, Florida Jai Alai, Inc.
The appellant, Florida Jai Alai, Inc., (defendant below) and the appellee, Southern Catering Services, Inc., (plaintiff below), entered into a concession agreement in 1972, whereby Southern Catering Services, Inc. agreed to supply automobile parking, dining room, lounge, and vending concession services in the fronton business place owned by Florida Jai Alai, Inc., at the Orlando-Seminole Jai Alai Fronton. The concession agreement gave Southern Catering Services, Inc., the exclusive right to supply these concessions and also provided that Southern Catering Services, Inc. was to have the right of first refusal in the event that the fronton business was sold. In 1977, the Board of Directors of Florida Jai Alai, Inc., voted to terminate the concession agreement with Southern Catering Services, Inc. The grounds for such termination included several allegations that Southern Catering Services, Inc. had breached the concession agreement by failing to perform in accordance with its terms. The appellee, Southern Catering Services, Inc. filed a complaint against Florida Jai Alai, Inc., for declaratory and supplemental relief, and also for a permanent injunction to enjoin the termination of the concession agreement.
An extended trial was held resulting in several findings by the trial judge. It was determined that no breach had occurred by the appellee, Southern Catering Services, Inc., and that based on an accounting ordered by the court, Southern Catering Services, Inc. was entitled to receive a stated sum of money from the appellant, Florida Jai Alai, Inc.
We find no error in the trial judge's disposition of these matters. We affirm the trial court's holding that the concession agreement filed in evidence constituted the agreement of the parties. We affirm the portion of the final judgment finding that no breach had been committed by Southern Catering Services, Inc., and otherwise adjusting the property rights of the parties, including the net payment of $17,519.30 by the appellant, Florida Jai Alai, Inc., to the appellee, Southern Catering Services, Inc.
Paragraph one of the final judgment herein appealed provides as follows:
The `Temporary Injunction Order' rendered herein on August 10, 1978, is made permanent. Defendant, FLORIDA JAI ALAI, INC., its agents and representatives, and all persons acting in concert or participating with it, are permanently enjoined from terminating SOUTHERN CATERING'S rights under the `Concession Agreement,' on the grounds of breaches of defaults occurring prior to May 22, 1979, and are further enjoined on the grounds of said past defaults or breaches from in anywise interfering with the operation of the concessions of SOUTHERN CATERING SERVICES, INC., at the Jai-Alai Fronton in Fern Park, Seminole County, Florida, and from interfering with any other of Plaintiff's rights under the `Concession Agreement' dated June 26, 1972.
Paragraph five of the final judgment contains several instructions to the parties regarding the management of their future business dealings, pursuant to paragraph one of the final judgment. Inasmuch as we determine that the trial court erroneously concluded that a permanent injunction was appropriate, it will not be necessary to discuss the provisions of paragraph five dealing with the execution of the portion of the final judgment in directing that a permanent injunction be observed.
There is some question as to whether the appellant, Florida Jai Alai, Inc. adequately preserved the issue of mutuality of remedy with regard to the injunctive relief granted below. The appellant, Florida Jai Alai, Inc. objected to appellee's, Southern Catering Services, Inc. request for an injunction on the ground that an adequate remedy at law existed. We determine that, although no outright termination of the agreement has been committed by Florida Jai Alai, Inc., these two issues are closely related so that a determination by this court of the permanent injunction is appropriate. It is noted *1078 that the appellant, Florida Jai Alai, Inc. terminated the agreement based on an alleged breach by the appellee, Southern Catering Services, Inc.
An injunction against the breach of a contract is a negative specific performance of a contract, and the power and duty of a court of equity to grant the former is governed by the same rules as its power to grant the latter. Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821 (1930); Thompson v. Shell Petroleum Corp., 130 Fla. 652, 178 So. 413 (1938). Hence, since the instant injunction requires continued performance of the agreement, it is essentially a grant of specific performance and the rules governing specific performance are applicable. See Burger Chef Systems Inc. v. Burger Chef of Fla., Inc., 317 So.2d 795 (Fla. 4th DCA 1975).
One of these rules is that mutuality of remedy must exist for specific performance to be proper. Calumet Co. v. Oil City Corp., 114 Fla. 531, 154 So. 141 (1934). We are inclined to believe that it would be difficult to find a mutuality of remedy based on the agreement in this case, however, we determine that the permanent injunction must be reversed for an additional reason, and that is, the impropriety of projecting the judiciary into overseeing the specific performance of the subject agreement ad infinitum. It is noted that the agreement in this case is perpetual. The permanent injunction is likewise perpetual. The subject agreement is not appropriate for equitable enforcement since under this decree, the court would assume an endless duty inappropriate to its function. Collins v. Pic-Town Water Works, Inc., 166 So.2d 760 (Fla. 2d DCA 1964); Bach v. Friden Calculating Mach. Co., 155 F.2d 361 (6th Cir.1946); Bethlehem Engineering Export Co. v. Christie, 105 F.2d 933 (2d Cir.1939); Chase Marketing Group LTD. v. Chris-Craft Industries, Inc., U.S.Dist.Ct. 79-6449-Civ-ALH, (S.D.Fla. 1980).
It is evident that the court below foresaw many problems regarding the execution of its permanent injunctive order. Extensive directives are included in the final judgment dealing with an endless regulation of the parties in their business dealings under the concession agreement. We are not aware of any authority which would support endless injunctive relief of this sort.
We note in passing that even the concession agreement provision regarding the right of the appellee, Southern Catering Services, Inc., to have first refusal in the event of a sale of the fronton by Florida Jai Alai, Inc., does not alter our conclusion. It is entirely possible that Florida Jai Alai, Inc. will choose to continue with the concession agreement rather than suffer whatever damages may result because of an unjustified termination of the concession agreement by them. Suffice it to say no such issue is now before the court.
In conclusion, we affirm enumerated paragraphs 2, 3 (insofar as paragraph 3 is consistent with this opinion), 4, 6, 7, 8, 9 and 10 (insofar as paragraph 10 is consistent with this opinion) of the final judgment herein on appeal, with directions consistent with this opinion.
AFFIRMED in part and REVERSED in part and REMANDED.
ORFINGER and COBB, JJ., concur.