DOWNEY, Judge.
It appears the appellee Condominium Association’s Board of Directors determined it was necessary to paint the exterior of the condominium building. The cost thereof was prorated among the unit owners, and appellants’ share came to $197.12. Appellants’ refusal to pay the assessment of $197.12 by the Board led to the filing of a claim of lien on appellants’ condominium unit, appellants’ notice of contest of said lien, and eventually a suit to foreclose said lien.
*1097 Appellants’ answer contained a general denial and four affirmative defenses. The first affirmative defense charged that the Board unlawfully delegated to Gussie Wal-lach its duty regarding the care and maintenance of the exterior of the building; Gus-sie Wallach recommended painting (instead of steam cleaning) the exterior, thus requiring an expenditure of $8,000 to $9,000, contrary to the recommendation of the Hollywood Building Inspector; the Board simply “rubber stamped” Gussie’s recommendation; as a result the assessment involved was “made without competence on the part of the Board of Directors ... in violation of their duty, as imposed by the Condominium documents.”
The second affirmative defense is that another building on the same tract was steam cleaned for $650.00 which treatment will have the same duration as the alleged painting heretofore referred to. In addition both the paint and workmanship were inferior, and some of the work had not been done.
The third affirmative defense claimed the assessment was bad because the Board was composed of four directors who were not lawfully elected; the validity of their election is an issue in a class action suit in the Seventeenth Judicial Circuit instituted by appellants before appellees began the present litigation. Therefore, appellants contend, this cause should be stayed pending determination of the prior litigation.
The fourth affirmative defense alleges that appellants were residents of Florida and thus appellee should have sued them in “small claims court” rather than by foreclosure.
Appellee filed a motion for summary judgment and attached an affidavit by one of appellee’s directors in which he states that the Board determined the assessment of $8500 was necessary to paint the building and that appellant’s share was $197.12, which had not been paid. At the hearing on the motion for summary judgment counsel for appellees and appellant Lester San-dies [1] argued their respective positions during which they discussed much of the factual setting of the case. However, the only proof in the record is appellee’s affidavit that the Board made the assessment and it was not paid. Appellee offered no proof to support its burden on a motion for summary judgment of vitiating all of appellants’ affirmative defenses. Affirmative defenses two and four are inadequate as a matter of law; however, defenses one[2] and three require contradictory proof from appellee before they may be disposed of. The argument of counsel at the motion hearing does not arise to the quality of proof required to defeat the affirmative defenses and demonstrate the nonexistence of genuine issues of material fact.
Appellants also complain of the award of attorney’s fees. We find no error in the amount of the award; but since the summary judgment itself must be reversed, the award of attorney’s fees should also be vacated.
Accordingly, the orders appealed from are reversed and the cause is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
LETTS, C. J., and MOORE, J., concur.

. (Both appellants are New Jersey lawyers and appeared pro se by Lester Sandies.)

. Appellants rely upon Papalexiou v. Tower West Condominium, 167 N.J.Super. 516, 401 A.2d 280 (1979), as authority for attacking the action of the Board of Directors on the grounds of incompetency which is rather generally alleged in the first affirmative defense.