421 So.2d 736 (1982)
Elaine D. GOODELL, Appellant,
v.
Richard C. GOODELL, Appellee.
No. 81-468.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Frank B. Kessler, of Zwickel, Gross & Kessler, Lake Worth, for appellant.
F. Neal Colvin and Joel M. Weissman, of Sales & Weissman, P.A., West Palm Beach, for appellee.
EN BANC.
Appellant (former wife) was found in contempt because of the violation of an injunction contained in the final judgment dissolving her marriage, which judgment was entered some three years earlier. She appeals. We affirm.
The injunction provided, "Both parties are enjoined from harassing, hurting or molesting the other." The wife does not dispute the fact of her violation which consisted of entering her former husband's home without invitation and then screaming and threatening to kill him. The wife's appellate point simply is a contention that the injunction was void ab initio because it was "perpetual," that is to say, void because no time limit was provided for its termination.
We agree as basic that if the injunction was void from the outset the contempt stemming from it would necessarily fail. However, we do not agree that the injunction was void.
The wife places her hopes upon language contained in an opinion issued by this court in U Shop Rite, Inc. v. Richard's Paint Manufacturing Co., Inc., 369 So.2d 1033 (Fla. 4th DCA 1979). This is the particular quote upon which she relies, "a perpetual injunction is unknown to the law, therefore unenforceable through a judgment of the court and the attempt to impose such a sanction is an abuse by the trial court of its equity powers." Indeed, if these words are taken alone and literally the wife would be home scot free. However, such is not to be the case.
For comparison, what are the salient facts of the U Shop Rite case which prompted the quote upon which the wife relies? U Shop Rite and others contracted not to enter into a certain competitive paint business for a period of ten years. Apparently U Shop Rite and others breached and were taken to court. An injunction was entered which "perpetually" enjoined such competition. This court then correctly held in its published opinion, among other things, that the injunction could not be in excess of the terms of the contract, meaning that it could not exceed the contracted 10 year term or limitation.
*737 Meeting the issue head on, we hereby recede from the principle, "a perpetual injunction is unknown to the law, therefore unenforceable through a judgment of the court and the attempt to impose such a sanction is an abuse by the trial court of its equity powers" found in the U Shop Rite case which is also cited in 29 Fla.Jur.2d, Injunctions, § 83 at page 748. We do so because we are persuaded that it is incorrect and misleading. We think a correct reflection of the U Shop Rite rationale would be, depending on the facts, injunctions that are over broad or over long in application are erroneous and may not be enforceable to the extent that they are over broad or over long.
In Jackson Grain Co. v. Lee, 150 Fla. 232, 7 So.2d 143 (1942), the Supreme Court of Florida recognized the proper existence of permanent or perpetual injunctions. It cited with approval (7 So.2d at page 146) an excerpt from 28 Am.Jur. pages 494 and 495. Excerpting therefrom still further, we note:
Unless otherwise provided by its terms, the injunction will remain in force as long as the court may feel that the protection which it affords is necessary to complainant's rights, or until conditions demand a modification of that protection or its entire removal. There is no doubt but that the court which renders a decree for a permanent or perpetual injunction may open or modify the same where the circumstances, and circumstances of the parties, are shown to have so changed as to make it just and equitable to do so, and especially where the decree itself reserves the right. (emphasis supplied)
See also 42 Am.Jur.2d, Injunctions § 334; and 29 Fla.Jur.2d, Injunctions § 84.
We hold that the injunction here was properly entered and enforceable. See Carpenter v. Carpenter, 252 So.2d 591 (Fla. 1st DCA 1971); Walborsky v. Walborsky, 258 So.2d 304 (Fla. 1st DCA 1972), cert. denied, 263 So.2d 831 (Fla. 1972). If in the future a party feels that circumstances have changed so as to justify its modification or dissolution, they have the right to apply to the court for such change.
Affirmed.
LETTS, C.J., and DOWNEY, BERANEK, HERSEY, GLICKSTEIN, HURLEY and WALDEN, JJ., concur.
ANSTEAD and DELL, JJ., did not participate in the decision of the court.