508 So.2d 554 (1987)
ABBEY PARK HOMEOWNERS ASSOCIATION, Appellant,
v.
Deborah BOWEN, Appellee.
No. 4-86-0039.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Daniel S. Rosenbaum of Becker, Poliakoff & Streitfeld, P.A., West Palm Beach, for appellant.
John P. Stetson of Stetson and Baarslag, West Palm Beach, for appellee.
WALDEN, Judge.
Abbey Park Homeowners Association, Inc., (Abbey Park), appeals an adverse final judgment and mandatory permanent injunction in favor of Deborah Bowen, appellee. We reverse and remand.
Bowen failed to pay her monthly assessments of the common expenses, which resulted in Abbey Park filing an action to foreclose a claim of lien against Bowen. At the time of trial, Bowen owed $1,977.60 in unpaid assessments plus interest. Bowen filed an answer, affirmative defense and counterclaim. The affirmative defense asserted that Bowen was not liable for the assessments because Abbey Park failed to maintain the common elements pursuant to the Declaration of Covenants, Conditions and Restrictions. The counterclaim sought a mandatory permanent injunction to compel Abbey Park to maintain the common *555 elements and damages for Abbey Park's alleged breach of the declaration.
Abbey Park filed a motion to dismiss the counterclaim and a motion to strike the affirmative defense. The court denied the motion to dismiss and granted the motion to strike the affirmative defense. At trial, however, the court allowed Bowen to present evidence as to her previously striken affirmative defense.
The jury found that Abbey Park and not Bowen breached the declaration by failing to maintain the common elements. The trial court entered final judgment denying Abbey Park's claim for foreclosure and granting a mandatory permanent injunction ordering Abbey Park to maintain the common elements.
Four issues are raised on appeal. Three of the four issues raised concern the admissibility and applicability of the affirmative defense asserted by Bowen. The fourth issue raised is whether the trial court erred in granting a mandatory permanent injunction.
In the instant case, it is not disputed that Bowen has not paid assessment fees since July 1983, and at the time of trial, she owed $1,977.60 plus interest. Bowen's duty to pay the assessment fees was conditioned solely on her acquisition of title as stated in the declaration. Her only defense asserted at trial was Abbey Park's failure to maintain the common elements. However, the affirmative defense of failure to maintain the common elements is inadequate as a matter of law. Sandles v. Sheridan Lakes Condominium, Inc., 388 So.2d 1096 (Fla. 4th DCA 1980). As this defense is inadequate as a matter of law, the trial court erred in entering final judgment in favor of Bowen as to the foreclosure suit. Therefore, we reverse and remand for entry of a final judgment for Abbey Park on its foreclosure claim.
We also reverse and remand for entry of a final judgment for Abbey Park on the mandatory permanent injunction.[1] Injunctive relief is an appropriate remedy for the enforcement of regulations contained in a declaration of condominium. Del Valle v. Biltmore II Condominium Association, Inc., 411 So.2d 1356 (Fla. 3d DCA 1982). However, in this case, the injunction ordered is improper.
A perpetual injunction is unenforceable and a trial court abuses its equity powers if it attempts to impose such a sanction. Florida Jai Alai, Inc. v. Southern Catering Services, Inc., 388 So.2d 1076 (Fla. 5th DCA 1980); and U Shop Rite, Inc. v. Richard's Paint Mfg. Co., Inc., 369 So.2d 1033 (Fla. 4th DCA 1979). In the instant case, the mandatory injunction orders Abbey Park to maintain the common elements and enjoins it from allowing the common elements to fall into disrepair. However, the injunction is perpetual; it does not state any time limits to be imposed. As such, it is unenforceable and must be reversed. Moreover, Abbey Park does not have the ability to comply with the injunction, and therefore, the injunction is improper.
Accordingly, we reverse and remand for entry of a final judgment for Abbey Park on its foreclosure claim and on the mandatory permanent injunction.
REVERSED AND REMANDED.
HERSEY, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] In her counterclaim, Bowen sought a mandatory permanent injunction and damages for Abbey Park's alleged breach of the declaration. However, Bowen apparently abandoned this claim, as she did not introduce any evidence at trial to support her damage claim, and therefore, this claim has been lost.