BASKIN, Judge.
Robert L. Koeppel appeals an order enjoining him from utilizing a portion of his property. We reverse.
Appellees sued Koeppel for in-junctive relief, declaration of easement rights and for declaratory relief regarding a portion of Koeppel’s property which ap-pellees alleged had been used as a common *209 alleyway for many years. The trial court issued an order finding that “a small portion of the alley did meander onto the easterly side of Koeppel’s property ... but even though Koeppel’s property line extends a little more than a foot beyond the established concrete slab, that [Koeppel] shall not attempt to go beyond the line established by the slab, and that if a fence is to be placed, that the fence should be on top of the slab.” Koeppel was thus enjoined from making use of his property beyond an existing concrete slab even though proceedings to determine the issues were still pending.
The trial court’s order appears to be a perpetual injunction, and is therefore unenforceable. U Shop Rite, Inc. v. Richard’s Paint Mfg. Co., Inc., 369 So.2d 1033 (Fla. 4th DCA 1979). Furthermore, the order is not supported by competent and substantial evidence in the record. Abreu v. Amaro, 534 So.2d 771 (Fla.3d DCA 1988); Marrone v. Miami Nat’l Bank, 507 So.2d 652 (Fla.3d DCA 1987); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla.3d DCA 1982). For these reasons, we reverse and remand.
Reversed and remanded.