[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY RESTRAINING ORDER
Plaintiff in this pending action filed a Motion for Temporary Injunctive or Other Preliminary Relief on December 10, 1990. The matter was assigned for argument on December 11, 1990; both parties appeared and were heard on the evidence supplied by affidavits supporting and opposing plaintiff's request for preliminary relief. Defendant filed on December 11, 1990 a memorandum of law, and plaintiff has filed a memorandum of law, amended complaint and supplemental affidavit on December 12, 1990. Defendant by letter of December 12, 1990 objected to plaintiff's raising an issue relating to trade secrets in its documents of December 11, 1990.
The plaintiff's request for relief in addition to a temporary injunctive order has been continued to the special proceedings calendar of December 17, 1990.
This decision addresses the claim for temporary injunctive relief.
The litigation concerns the actions of the defendant in seeking to effectuate the termination of a long standing business and contractual relationship between the parties relating to the operation of a conference center/inn in Southbury, Connecticut. The defendant owns the property of the conference center/inn, which is operated by plaintiff.
The relationship dates from the establishment of the facility in 1971, and the current contract between the parties extends to the year 2003.
Despite the tenure of the arrangement, the present scenario is one of an extremely hostile dissolution dispute. CT Page 4752
The defendant owner has sought to terminate the agreement and relationship on the basis of alleged defaults by plaintiff. The initial complaint in this action sought a clarification of the parties rights under their contract. The defendant has elected to effectuate the termination by an early morning raid on December 10, 1990 characterized by uniformed agents forcefully evicting the plaintiff's agents.
Whether the plaintiff was in default of its obligations under the agreement, whether the contractual termination procedure was followed and which party in fact breached the contract, are issues which appear to require a trial on the merits.
The merits are subject to review by the court at this juncture because the plaintiff is obligated to demonstrate an entitlement on the merits as well as irreparable harm and inadequate remedy at law. Griffin Hospital v. Commission Hospital Health Care, 196 Conn. 451, 457 (1985).
Our courts have always maintained that injunctive relief is an extraordinary remedy. Nicholson v. Connecticut Half-Way House, Inc., 153 Conn. 507, 511 (1966). "Restructuring the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with caution, never without the most satisfactory reasons." Goodwin v. N.Y. N. H. H.R. Co.,43 Conn. 494, 506 (1876).
The plaintiff here seeks to have the court put back a relationship which is hopelessly asunder. The parties conduct this fall since the termination issue has arisen demonstrates their complete inability to continue their previous arrangement. Disputes have arisen about mortgage payments, accounting, access to financial records and bank accounts.
The court is unable to reestablish the trust and confidence essential for the complex business relationship which existed between the parties.
This situation is analogous to the many cases in which courts even as to the proven victims of employment discrimination decline to exercise their equitable powers to force upon the parties a coexistence which is more likely than not unworkable and destined to only accomplish the enhancements of claims and damages. In these situations, damage claims are greatly preferable to injunctions of dubious benefit. Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (CA 2 1984); Hoffman v. Nissen Motor Corp, 511 F. Sup. 352, 355 (D.N.H. 1981).
The defendant cites well reasoned decisions from other CT Page 4753 jurisdictions which support the proposition that a court should not undertake to enforce a contract by injunctive order which cannot be consummated by one transaction and will require protracted supervision. New Park Forest Assoc. v. Rogers Ent.,552 N.E.2d 1215, 1219 (1990); Ambassador Foods Corp. v. Montgomery Ward Co., Inc., 192 N.E.2d 572 (1903); Florida Jai Alai, Inc. v. Southern Catering Services, Inc., 388 So.2d 1076 (1980). Also, see Restatement of Contracts, Second Section 366 (1981).
In addition to seeking its reestablishment as management of the conference center/inn, the plaintiff seeks to enjoin defendant from use of alleged trade secrets and/or proprietary information. seized in the early morning take over.
Defendant and its agents including DM should not be allowed to maintain, keep or in anyway take advantage of such materials which are not directly related to the essential operations of the conference center/inn.
At this time, the court will, however, not enter orders regarding alleged trade secrets, since they were not mentioned in the original application or oral argument of December 11, 1990.
The court under the circumstances of this case declines to issue any injunctive order directed to reinstating plaintiff in the management of this conference center/inn.
McWEENY, JUDGE