577 So.2d 998 (1991)
INDIAN TRAIL HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Leta ROBERTS, Appellee.
Nos. 90-0931, 90-1672.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Rehearing and Clarification Denied May 6, 1991.
Michael J. Gelfand of St. John & King, West Palm Beach, for appellant.
Kenneth A. Marra of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
We affirm the trial court's final judgment and judgment awarding costs and attorneys' fees, and we approve everything contained therein with two exceptions in the former.
First, we conclude the trial court erred in excluding one owner's vote in its computations, the individual's voting rights not having been suspended by the board. While this correction eliminates one of the trial court's reasons for voiding the Association's attempted amendment, the other  more important  reason recited by the trial court remains viable and dispositive upon that point.
Second, there is superfluous language in two parts of the final judgment that was best omitted; namely, enjoining the Association from: "Continuing to violate plaintiff's rights of inspection in the future." The important part of the paragraph is valid  ordering the Association to provide the plaintiff with access at the present time. The other superfluous language is directing the Association to "use its best *999 efforts to maintain accurate records in the future." Neither of the foregoing affects the outcome of this appeal nor the attorneys' fees to be awarded.
This court has recognized the difference in prohibitory and mandatory injunctions. In Goodell v. Goodell, 421 So.2d 736 (Fla. 4th DCA 1982), we receded en banc  in prohibitory injunctions  from the following earlier language in U Shop Rite, Inc. v. Richard's Paint Mfg. Co., 369 So.2d 1033 (Fla. 4th DCA 1979): "A perpetual injunction is unknown to the law, therefore unenforceable through a judgment of the court and the attempt to impose such a sanction is an abuse by the trial court of its equity powers." Id. at 1033. We erroneously cited U Shop Rite, a prohibitory injunction case, in Abbey Park Homeowners Ass'n v. Bowen, 508 So.2d 554 (Fla. 4th DCA 1987), the latter being a mandatory injunction case where we appropriately held that in specific performance situations, a perpetual injunction was inappropriate. We did properly cite Florida Jai Alai, Inc. v. Southern Catering Services, Inc., 388 So.2d 1076 (Fla. 5th DCA 1980), as authority for the proposition that the trial court is not a general overseer and correctly said that a party cannot be required to do the impossible.
U Shop Rite, as well as the underlying case which prompted Goodell; namely, Jackson Grain Co. v. Lee, 150 Fla. 232, 7 So.2d 143 (1942), were prohibitory or restraining type injunctions  as were Goodell and the present case, for all intents and purposes.
DOWNEY and GARRETT, JJ., concur.