CAMPBELL, Judge.
In this dissolution action, appellant/wife has raised numerous points on appeal, only one of which need be discussed.
Wife argues that the trial court’s order requiring the parties to refrain from any type of harassment is so vague and unclear that it is not enforceable by contempt. The law provides that a party cannot be held in contempt for violating an order that does not sufficiently apprise him of what he is required to do. Loury v. Loury, 431 So.2d 701 (Fla. 2d DCA 1983); Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964); Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980).
The March 26, 1990 order that Wife violated stated: “Each of the parties will refrain from engaging in any type of conduct which constitutes harassment, to either party or third party, or otherwise operates to frustrate the other party’s peaceful utilization of their current residence or their employment.” In its order finding Wife in contempt, the court stated:
1. The court concludes without hesitation that the Wife has violated the Order of March 26, 1990, and has done so willingly, knowingly and intentionally.
2. The Wife’s attempts to communicate with the Husband at his place of employment via his facsimile machine had no purpose other than to provide him with some type of embarrasment [sic], humiliation or ridicule among his fellow employees.
The offending FAX transmittals were as follows:
Dear Bill,
The kids are looking forward to seeing you this weekend. I will have them ready by 8:00 AM on Saturday. Please advise me as to if you will be coming to the house to pick them up or. if you would like me to deliver them to your apartment. Thanks!
(Dated June 1, 1990, 10:30 a.m.)
Bill,
The kids are out of school now. They would like to spend two weeks in the beginning of the summer and two weeks at the end of the summer with you. Please make arrangements as soon as possible as they are anxiously awaiting your response. Thank you.
(Dated June 8, 1990, 4:30 p.m.)
The record furnished us is meager, but it in no way supports a finding that the Wife knowingly and intentionally violated the March 26, 1990 order. The FAX transmittals cited by the court as the reason for finding Wife in contempt do not on their face constitute harassment under the order or operate to frustrate Husband’s peaceful utilization of his employment. They are apparently merely polite requests to schedule visitation, no more. Webster’s New World Dictionary defines “harass” as: “To trouble, worry, or torment, as with cares, debts, repeated questions, etc.” In our opinion, the FAX transmittals, by themselves, simply do not amount to harassment. We are also unable to see how they could possibly be humiliating or embarrassing or subject Husband to ridicule, as found by the court.
*1015 We searched the record for any other evidence that would support the court’s ruling and could find none. Neither the motion seeking to have Wife found in contempt nor the transcript of the contempt sentencing provides any additional facts that would support a finding of harassment.
For these reasons, we find that although the March 26, 1990 order is not in itself impermissibly vague, its application to Wife here was improper and unenforceable by contempt since she did not knowingly or intentionally violate it. Wife has not been shown to have known that her apparently innocent attempts to schedule visitation by FAX would constitute harassment under the order.
Husband argues that a similar injunction was upheld in Goodell v. Goodell, 421 So.2d 736 (Fla. 2d DCA 1982), as being neither overbroad nor overlong. Although Goodell did uphold a similar injunction, it was on very limited grounds. There, the wife had argued that the injunction was void ab initio because it was perpetual, i.e., no time limit was provided for its termination. The court only considered that very limited question. It did not consider whether the injunction was overbroad or overlong in the scope of its application, which is the issue here; it only considered whether it was overbroad or overlong in duration. Thus, Goodell does not apply to the facts here.
We, therefore, reverse the order finding Wife in contempt and vacate her sentence.
SCHOONOVER, C.J., and ALTENBERND, J., concur.