696 So.2d 885 (1997)
Raul ARES, Appellant,
v.
CYPRESS PARK GARDEN HOMES I CONDOMINIUM ASSOCIATION, INC. Appellee.
No. 95-05121.
District Court of Appeal of Florida, Second District.
June 13, 1997.
Rehearing Denied July 14, 1997.
*886 Terrance A. Bostic of Akerman, Senterfitt & Eidson, P.A., Tampa, for Appellant.
Jeffrey M. Katz of the Law Offices of Rick Dalan, Clearwater, for Appellee.
NORTHCUTT, Judge.
Raul Ares, a unit owner and member of the Cypress Park Garden Homes I Condominium Association, sued the Association seeking production of records, injunctive relief, and an accounting. He asserted the Association had repeatedly violated numerous provisions of the Condominium Act, chapter 718, Florida Statutes (1991); the rules of the Department of Business Regulation; and the Association's internal documents. The parties settled Mr. Ares's claims in mediation, and this appeal involves only the litigants' respective rights, as prevailing parties, to attorney's fees under section 718.303, Florida Statutes (1991).[1]
Prevailing party fees can be awarded based on a settlement of a claim. Cf. 51 Island Way Condominium Ass'n, Inc. v. Williams, 458 So.2d 364, 366 (Fla. 2d DCA 1984) (prevailing party fees under the Condominium Act can be awarded when one party voluntarily dismisses its suit), petition for review denied, 476 So.2d 676 (Fla.1985). Here, the parties agreed that, for purposes of the fee award, a special master would determine which party prevailed on each of Mr. Ares's sundry claims. See Folta v. Bolton, 493 So.2d 440, 443 (Fla.1986) (in lawsuit involving multiple claims, prevailing party on each distinct claim is entitled to an award for attorney's fees produced in association with that claim). The master issued a report and recommendation finding that Mr. Ares succeeded on one claim, that the Association prevailed on three claims, and that one of the claims did not support an award of fees to either party under the statute. Over Mr. Ares's objection, the trial court confirmed the master's report and recommendation, and awarded fees variously to Mr. Ares and the Association for the issues on which each prevailed.
On appeal, Mr. Ares first contends that the trial court erred in confirming the master's recommendation that the Association prevailed on his demand that it produce its official records. We disagree, and affirm. Additionally, we find no error in the court's and the master's ruling that section 718.303 does not authorize attorney's fees in an action for an accounting. Accordingly, we also affirm on that issue. As to Mr. Ares's remaining point, which concerns his requests for injunctive relief, we affirm the finding that the Association was the prevailing party on the request for an injunction to prevent its 1991 board of directors from acting. But we hold that the special master and the lower court erred in concluding that the Association prevailed on Mr. Ares's application for an injunction to restrain it from further violating its bylaws and the Florida Condominium Act. We reverse and remand to the trial court to award Mr. Ares his attorney's fees on this claim.
In his complaint, Mr. Ares alleged that the Association's board of directors had committed numerous specified violations of law, administrative rules, and the condominium documents, primarily related to the giving of notices of its meetings, the keeping of minutes, and the maintenance of required business and financial records. His prayer for relief included a request that the court "enjoin the Association from any further substantive *887 violations of the bylaws ... and the Florida Condominium Act." The Association's answer did not address the allegations specifically. Rather, it generally admitted "that certain violations occurred in the past, but it is denied that these violations are continuing." When the parties settled the suit, the Association stipulated it would "comply with applicable statutes and the condominium documents."
When finding for the Association on this claim, the special master concluded that the injunction Mr. Ares sought was perpetual, overbroad, and unenforceable. While a trial court cannot overturn a master's findings of fact unless they are clearly erroneous, it can and should reject a master's recommendation if it misconceives the legal effect of the evidence. De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995). We conclude that, in this instance, the master's recommendation was legally erroneous.
The master based his characterization of the requested injunction on Fourth District decisions holding that a perpetual mandatory injunction is inappropriate. Indian Trail Homeowners Association, Inc. v. Roberts, 577 So.2d 998 (Fla. 4th DCA 1991); Abbey Park Homeowners Association v. Bowen, 508 So.2d 554 (Fla. 4th DCA 1987). The master also observed that a trial court is not a general overseer, and that it should not assume an endless supervisory duty, citing Roberts, 577 So.2d at 999, and Florida Jai Alai, Inc. v. Southern Catering Services, Inc., 388 So.2d 1076 (Fla. 5th DCA 1980).
Those arguments might well have convinced a trial court to deny the requested injunction. But the issue before the master was not whether Mr. Ares would have prevailed on his claim if the case had proceeded to trial. Rather, the master was called upon to determine whether Mr. Ares had, in fact, been successful on his claim as it was resolved in the settlement agreement. Certainly, in light of the Association's agreement to henceforth abide by the requirements of the law and the condominium documents, Mr. Ares prevailed in his endeavor to compel the Association to do just that.
Moreover, Mr. Ares's complaint did not, by its terms, seek a mandatory injunction. Rather, it requested an injunction prohibiting the Association to conduct its affairs in violation of the law and condominium documents. In Goodell v. Goodell, 421 So.2d 736, 737 (Fla. 4th DCA 1982), the Fourth District drew a distinction between perpetual mandatory injunctions and perpetual prohibitory injunctions, and affirmed an order holding a former spouse in contempt of a perpetual injunction forbidding the parties to harass each other. Even if the trial court had not been inclined to grant the broad injunction requested by Mr. Ares, that general request for relief would have authorized the court to issue an injunction more narrowly tailored to the circumstances alleged in the complaint and proved at trial. See Fla. R. Civ. P. 1.110(b)(every complaint is deemed to pray for general relief); Circle Finance Co. v. Peacock, 399 So. 2d 81, 84 (Fla. 1st DCA 1981)(since every complaint prays for general relief, trial court is not bound by the specific prayer for relief; rather, it must look to facts alleged, issues, and proof to determine specific nature of relief to be granted), petition for review denied, 411 So.2d 380 (Fla.1981). That the Association's settlement concession was broader than the relief Mr. Ares might have obtained from the court is hardly a basis for concluding that he did not prevail on his claim.
We reverse the order and judgment awarding the Association attorney's fees as the prevailing party on this aspect of the injunction claim, and remand to the trial court to enter an order finding that Mr. Ares prevailed on this claim, to determine the reasonable fee he is entitled to for pursuing it under section 781.303, and to enter judgment in his favor accordingly.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and FULMER, J., concur.
NOTES
[1] 718.303 Obligations of owners; waiver; levy of fine against unit by association.

(1) Each unit owner, each tenant and other invitee, and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.
* * * * * *
The prevailing party in any such action ... is entitled to recover reasonable attorney's fees....