RAMIREZ, J.
Dr. Corliss A. Rupp, M.D. appeals to this Court the Florida Department of Health, Board of Medicine’s Order, which imposed certain penalties on Dr. Rupp for her failure to report timely an administrative disciplinary action taken against her in the State of Virginia. We reverse, finding that the Board’s punishment is inappropriate because it punishes Dr. Rupp for failing to do something which the Order itself admits was impossible to do. Moreover, we find that the Board erred in adopting the findings and recommendations of the Administrative Law Judge’s erroneous Recommended Order, without allowing Dr. Rupp the opportunity to be heard.
Dr. Rupp has twenty years experience as a medical doctor and is a practicing psychiatrist with an unblemished record. When the subject events took place, Dr. Rupp was a sole practitioner providing psychiatric care to the poor of the Florida Keys. Before moving her practice there, Dr. Rupp worked with a company providing her services on a temporary basis, which required her to become licensed in a number of states, including Virginia, Georgia and Florida. She contracted with an Atlanta-based firm, Daniel and Yeager, which was responsible for ensuring that Dr. Rupp’s medical licenses remained current. Among Daniel and Yeager’s responsibilities was to notify the various states in which Dr. Rupp was licensed of Dr. Rupp’s address changes.
*792 In March 2003, Dr. Rupp moved to Florida and subsequently advised the State of her change of address in April 2003. Dr. Rupp also requested that Daniel and Yeager notify the State of Virginia of this address change. However, Daniel and Yeager failed to notify the State of Virginia of Dr. Rupp’s change in address. In early 2004, Daniel and Yeager closed their Atlanta office without notifying Dr. Rupp. As of July 9, 2004, Dr. Rupp’s official address on file with the Virginia Board of Medicine was 8010 Roswell Road, Suite 320, Atlanta, Georgia, 30350, which was the address of the defunct Daniel and Yeager firm.
Dr. Rupp subsequently learned that the Virginia Board of Medicine charged and convicted her in absentia of violating Virginia’s statutory requirement to advise the Virginia Board of Medicine within thirty days of any address change. In its August 18, 2004 Order, the Virginia Board of Medicine concluded that Dr. Rupp failed to provide the required notification and ordered her to pay a $1,500.00 monetary penalty. Because the Virginia Board of Medicine continued to use the Daniel and Yeager address in trying to contact Dr. Rupp, Dr. Rupp was not notified of the Virginia disciplinary action until almost two months after its conclusion.
On October 11, 2004, Dr. Rupp received a letter in a plain envelope at her Florida address. The letter, dated September 22, 2004, and addressed to Dr. Rupp at the Atlanta address, was from the Virginia Compliance Unit of the Department of Health Professions referring to the Virginia Final Order. This was the first time Dr. Rupp became aware of the Virginia disciplinary action. Dr. Rupp physically did not receive notice of the disciplinary action taken against her until almost two months after the order was entered. She provided notice to Florida’s Department of Health within thirty days of the date that she received notice from Virginia.
On November 2, 2004, the Florida Board of Medicine advised Dr. Rupp that the Board was initiating an investigation into her failure to notify the Board of the Virginia disciplinary action. Dr. Rupp attended a hearing before the Administrative Law Judge to answer the Florida Board of Medicine’s complaint. After the Judge entered its Recommended Order, Dr. Rupp filed a timely Response. The Response did not contain any exceptions to the Judge’s findings of facts or conclusions of law, but contained legal arguments challenging the propriety of the Judge’s recommended disciplinary action.
The Board held a hearing on June 2, 2006, supposedly to conduct the Board’s de novo review of the record and Recommended Order in Dr. Rupp’s case. Pursuant to the Board’s conclusion that Dr. Rupp’s Response was an exception rather than a pleading, the Board refused to allow Dr. Rupp or her counsel to address the Board regarding the propriety of the Judge’s recommendations.
The Board adopted the Judge’s findings of fact. The Judge’s Recommended Order specifically states in paragraph 20:
20. Dr. Rupp physically did not receive notice of disciplinary action taken against her until almost two months after the order was entered. Therefore, she could not have notified the Department within 30 days of the date the order was entered. She did provide notice to the Department within 30 days of the date that she received notice from Virginia.
On June 19, 2006, the Board issued its Final Order imposing a $500 administrative fine against Dr. Rupp. It further stated that a letter of concern would be issued to Dr. Rupp by the Board, and it imposed $10,118.19 in costs to be paid by *793 Dr. Rupp within one year from the date of the Final Order. This appeal followed.
With regard to the standard of review, this Court reviews a lower court’s interpretation of a statute de novo. See Romine v. Fla. Birth Related Neurological Injury Comp. Ass’n., 842 So.2d 148 (Fla. 5th DCA 2003). Furthermore, an agency abuses its discretion when it ignores findings of fact based upon competent substantial evidence. See Strickland v. Florida A & M Univ., 799 So.2d 276, 277 (Fla. 1st DCA 2001).
First, Dr. Rupp contends on appeal that the Judge’s Recommended Order is invalid because it imposes sanctions on her for failure to take actions that the Order acknowledges were impossible to perform. We are in complete agreement with Dr. Rupp on this issue.
Florida law is clear that the law does not impose penalties upon an individual for failing to take certain actions which it is physically impossible for that individual to take. See Shevin v. Int’l Inventors, Inc., 353 So.2d 89, 93 (Fla.1977)(invalidating regulatory statute due to its “substantial impossibility of compliance”); Ford v. State, 801 So.2d 318, 321 (Fla. 1st DCA 2001)(“[R]equiring the state to prove which crime caused a defendant to flee ‘would place upon the State an impossible burden to prove that one charged with multiple violations of the law fled solely because of his consciousness that he committed one particular crime.’ ”); Aspen-Tarpon Springs Ltd. v. Stuart, 635 So.2d 61, 67-8 (Fla. 1st DCA 1994)(finding that regulatory scheme constituted an unconstitutional taking because it prohibits landowners’ use of their property unless the landowner satisfies impossible requirements); Freeman v. Freeman, 615 So.2d 225, 226 (Fla. 5th DCA 1993)(“[W]e hold that in the context of child support modification, the requirement that the change of circumstances is permanent does not require a showing that the change is forever. That would be an impossible burden because no one can testify to the future; ...”); Indian Trail Homeowners Ass’n., Inc. v. Roberts, 577 So.2d 998, 999 (Fla. 4th DCA 1991)(“... a party cannot be required to do the impossible.”); Abbey Park Homeowners Ass’n. v. Bowen, 508 So.2d 554, 555 (Fla. 4th DCA 1987)(revers-ing order granting injunction because “Abbey Park does not have the ability to comply with the injunction, and therefore, the injunction is improper.”); Ivaran Lines, Inc. v. Waicman, 461 So.2d 123, 125 (Fla. 3d DCA 1984) (“The law does not require the performance of impossibilities as a condition to assertion of acknowledged rights, and if a statute requires performance of something which cannot be performed, the court may hold it inoperative.”).
Here, the Judge’s Recommended Order is incorrect because it seeks to impose liability upon Dr. Rupp for not doing what was impossible for her to do. The Recommended Order specifically finds that Dr. Rupp should be punished for failing to do that which the Judge’s own Recommended Order specifically acknowledges could not be done. The Recommended Order thus seeks to punish Dr. Rupp for non-compliance with the notification requirements of section 458.331(l)(kk), Florida Statutes, despite the fact that Dr. Rupp was physically unable to comply with these requirements. It simply defies logic that Dr. Rupp’s noncompliance with the notice requirements would not be excused when she did not know, nor could she have known, that the Virginia action had taken place.
Second, Dr. Rupp contends that the Board erred in failing to conduct a de novo review of the Judge’s recommended order. Dr. Rupp is correct that the Board was required to conduct a de novo review of *794 the record in this case which, by its own admission, it did not do.
Pursuant to section 120.57, Florida Statutes (2006), the Board of Medicine is required to conduct a de novo review of the Judge’s findings of fact and law in determining whether or not a recommended penalty is appropriate. See § 120.57(l)(k), Fla. Stat. (“All proceedings conducted under this subsection shall be de novo.”). The Board’s admitted failure to conduct this review constitutes a material error in procedure which made it impossible for Dr. Rupp to obtain a fair hearing. See § 120.68(7)(c), Fla. Stat. (reversal of agency decision or dismissal of case required where “[t]he fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.”).[1] Furthermore, prior to the hearing, the parties were provided with “Instructions For Recommended Orders (No Exceptions)”, which read as follows:
THE PURPOSE OF THIS PROCEEDING IS TO CONSIDER THE RECOMMENDED ORDER ISSUED BY THE ADMINISTRATIVE LAW JUDGE IN THIS CAUSE. NO NEW EVIDENCE WILL BE ADMITTED BECAUSE THIS PROCEEDING IS NOT [sic] A DE NOVO REVIEW. IT MUST BE CONFINED TO THE RECORD TOGETHER WITH THE RECOMMENDED ORDER. THE RECORD CONSISTS OF NOTICES, PLEADINGS, MOTIONS AND RULINGS BY THE ALJ; EVIDENCE ADMITTED (THE TRANSCRIPTS AND EXHIBITS); MATTERS OFFICIALLY RECOGNIZED; EXCEPTIONS AND RESPONSES THERETO, IF ANY.
Thus, the instructions erroneously declare that the hearing is not a de novo review, while stating that the full record before the Judge would be reviewed.
Here, the Judge specifically found that it was physically impossible for Dr. Rupp to have complied with the requirements of section 458.331(l)(kk), Florida Statutes. Therefore, Dr. Rupp was entitled to present her arguments as to why this finding did not justify punishment. Because Dr. Rupp was entitled to a de novo review of the record in this case, and because the Board undisputedly did not conduct such a review, the Board’s failure in this regard requires reversal. See § 120.68(7)(c), Fla. Stat. (“The court shall remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate, when it finds that ... The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.”); Dep’t of Highway Safety & Motor Vehicles v. Stenmark, 941 So.2d 1247 (Fla. 2d DCA 2006)(application of improper standard of review in administrative action constitutes a departure from the essential requirements of the law which requires reversal).
Dr. Rupp did not file “exceptions” because she recognized that the Judge’s findings of law and fact were accurate, as she tried to explain at the hearing. She does not dispute the sequence and timing of events as detailed in the Recommended Order, and she does not take issue with the Judge’s conclusion of law that “[subsection 458.331(l)(kk), Florida Statutes, *795 does not provide that notice must be given within 30 days of receipt of the disciplinary action, but within 30 days of the action being taken.” Dr. Rupp could not have filed an “exception” to these findings and conclusions because she did not disagree with the Judge’s findings of fact or conclusions of law. As such, Dr. Rupp sought a de novo review of the Judge’s recommended penalty.
It is undisputed that Dr. Rupp timely responded to the Department’s motions. Therefore, there was no reason why the Board denied Dr. Rupp the opportunity to be heard at this hearing. Instead, the Board made it clear that it intended to adopt the Judge’s order without conducting the required examination. Various board members refused Dr. Rupp her right to be heard on the procedural basis that her challenges were untimely filed exceptions to the Judge’s findings of fact. Moreover, the Board refused to allow Dr. Rupp to be heard on the issue of the impropriety of punishing Dr. Rupp under the facts of this case. And finally, the Board decided the issue of imposing a cost judgment against Dr. Rupp without allowing Dr. Rupp any opportunity to be heard.
The Board’s failure to follow its own procedure as mandated by statute denied Dr. Rupp her right to due process and resulted in an unjust punishment. See J.B. v. Dep’t of Children & Fam. Servs., 768 So.2d 1060, 1064 (Fla.2000)(due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure before judgment is rendered); Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990)(violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void); Armesto v. Weidner, 615 So.2d 707, 709 (Fla. 3d DCA 1992)(state agency violates a person’s due process rights if it ignores rules promulgated thereby which affect individual rights). Here, the Board violated Dr. Rupp’s right to due process by refusing her the opportunity to present her case. See Ryan’s Furniture Exch. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935)(“In observing due process of law, the opportunity to be heard must be full and fair, not merely 'colorable or illusive.”); Haigh v. Planning Bd. of Town of Medfield, 940 So.2d 1230 (Fla. 5th DCA 2006)(trial court’s entry of a final judgment establishing a foreign judgment without an eviden-tiary hearing or trial violated judgment debtor’s due process rights); Cook v. City of Winter Haven Police Dep’t, 837 So.2d 492 (Fla. 2d DCA 2003)(circuit court, acting in its appellate capacity, violated petitioners’ due process rights in refusing to consider evidence presented in late-filed appendix to petition).
Because the Board failed to allow Dr. Rupp an opportunity to present her case to the Board, and instead adopted the Judge’s Recommended Order without a de novo review of that order, the Board violated Dr. Rupp’s right to due process. The resulting Final Order cannot stand because it imposes serious disciplinary penalties on Dr. Rupp for her failure to do what the Order itself recognizes was impossible.
In sum, given that Dr. Rupp was sanctioned for a failure to take actions which were admittedly impossible to take, we reverse the Department of Health, Board of Medicine’s Final Order and remand the case for entry of judgment in Dr. Rupp’s favor, thereby disposing of this matter in its entirety and avoiding another hearing.[2] *796 We further comment that this case has been a shocking waste of everyone’s resources. Dr. Rupp is a physician with an unblemished record providing services to the poor, who took the step of hiring a firm to keep her licenses current, and yet was disciplined for not doing the impossible. The Florida Department of Health, Board of Medicine, should be encouraging other physicians to do what Dr. Rupp has been doing. The Department, after all, has the traditional mandate of providing primary medical care for the poor. It should exercise better judgment in deciding whether to’ file such a frivolous case and instead focus its energies on tracking down and disciplining those physicians who truly deserve punishment.
Reversed and remanded with instructions that judgment be entered in Dr. Rupp’s favor.

. In addition, at the hearing itself, Board Chairman Dr. Zachariah clearly explained "[t]his hearing is being conducted pursuant to 120.569 and 120.57(1) of the Florida Statutes.... No new evidence will be admitted because this is a de novo review. It must be confined to the record, together with the Recommended Order.” (App.A-2, p. 4).

. See § 120.68(7)(c), Fla. Stat. ("The court shall remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate, when it finds that ... [t]he fairness of the proceedings or the correctness of the action *796 may have been impaired by a material error in procedure or a failure to follow prescribed procedure.”) (emphasis supplied).